HADEN .and another *vs.* BUDDENSICK and others.

To create a consideration sufficient to support an obligation for the security or payment of money, nothing further is required by either law or equity than benefit to the party obligated, or harm to the person designed to receive it.

S. having agreed to furnish B. with materials and labor for erecting buildings upon lots owned by B., the plaintiffs sold to S. sashes, doors and blinds for such buildings, of the value of $8,000, for which sum he filed a lien upon the buildings and lots. For the purpose of removing such lien from his property, B. executed a bond and mortgage to S., to secure the payment of $8,000 and interest; whereupon the plaintiffs discharged the lien, and the bond and mortgage were assigned to them. When the bond and mortgage were given, there was, by the terms of the contract, nothing due to S. from B. In an action to foreclose the mortgage ;. *held,* that want of consideration could not be set up as a defence. That it was beneficial to the mortgagor and owner of the property to have the lien upon it discharged ; and that after receiving the stipulated benefit, and giving the bond and mortgage for it, he could not be exonerated from the obligation to pay what he expressly covenanted for as its price.

*Held,* also, that if S., the contractor, failed to perform his agreement, the remedy against him was confined to an equivalent by way of damages, not by resisting the enforcement of the security.

APPEAL by the defendants from a judgment entered on a referee's report. (*S. C., reported briefly,* 4 *Hun,* 649.)

*Benjamin M. Stillwell,* for appellants.

*Osborn E. Bright,* for respondents.

*By the Court,* DANIELS, J. The object of this action was the foreclosure of a mortgage executed by the defendants, Charles A. Buddensick and wife, to Gustav A. Sturtzkober, to secure the payment of $8,000 and interest, and assigned by him to the plaintiffs and Samuel Wilson, who afterwards assigned his interest to the plaintiff. Before the execution of the mortgage the mortgagee, Sturtzkober, had entered into contracts with the defendant Charles A. Buddensick, for supplying materials, and the performance of labor, in erecting and furnishing certain buildings on premises situated in the

city of New York. The plaintiffs, and Wilson, then their partner, had furnished and supplied to Sturtzkober, the contractor, sashes, blinds and doors for such buildings, at his request, for which he had become indebted to them in the sum of $8,000, and they had filed a lien for the debt on the buildings and the land they stood upon. By the terms of the contracts nothing appears to have been due to the contractor when the mortgage was given. And whether anything more would afterwards become due to him under their terms depended upon the completion of the work which he had agreed to do. Upon that being done, a much larger amount than that mentioned in the mortgage would become due from the mortgagor to the mortgagee. The former, for some reason, desired to remove the lien from his property, which had been placed upon it by the plaintiffs and Wilson, and for that purpose agreed to give the mortgage and the bond secured by it to the contractor, with the understanding that it should be assigned to them upon their discharging their lien. In conformity to that agreemant the bond and mortgage were executed, delivered and assigned, and the plaintiffs and Wilson discharged and satisfied their lien. The defendant Buddensick's wife claimed, upon the trial, and insisted upon the argument of the appeal, that as long as nothing was actually payable by the terms of the contracts when the bond and mortgage were given, they were without consideration, and could not be enforced, for the reason that the contractor had since failed to complete his work.

The mortgagor undoubtedly believed and expected that the contractor, to whom the bond and mortgage were given, would afterwards perform the agreements he had made, and in that manner entitle himself, or his assignees, to the moneys mentioned in and secured by them. But the fulfilment of that expectation was not, under the circumstances, essential to their validity. For they were in no manner made payable by their terms on

that condition; neither was any agreement made that they should become inoperative in case of a failure to perform on the part of the contractor. The bond and mortgage were executed on the 22d day of December, 1871, on the unqualified condition that they should become void on the payment by the defendant Charles A. Buddensick, of the sum of eight thousand dollars with interest on the 22d day of June, 1872. And when they were received by Sturtzkober, the contractor, he executed and delivered to Buddensick a receipt, stating that they were delivered on account of the various sums of money coming to him on his contracts for doing and performing the carpenter work on certain buildings situated in the city of New York and the amount secured by said bond and mortgage, viz., said $8,000; "and interest thereon for six months in advance, is hereby certified to have been paid to me on said contracts, and credit therefor is hereby given by me to said Buddensick thereon." From the terms of this receipt it is evident that the bond and mortgage were given and accepted in the nature of an advanced payment of what was expected to become due to the contractor under the terms of his contracts. Buddensick, the owner of the property, held the obligations of the contractor, agreeing to perform the work, which would entitle him to the payment provided for; and it was expected that such performance would afterwards be made. The defendant Buddensick trusted and confided in the agreements contained in the contracts, and relied upon their completion for his protection in making the payment secured by the mortgage. And in that expectation gave the bond and mortgage to procure the discharge of the lien then appearing on file against his property. He regarded it as desirable, and beneficial to him to have the lien discharged. And if its satisfaction was a sufficient consideration for their support, they remain legally binding,

although the expectation of performance on the part of the contractor afterwards failed.

To create a consideration sufficient to support an obligation for the security or payment of money, nothing farther is required, by either law or equity, than benefit to the party obligated, or harm to the person designed to receive it. This principle is well settled, and a compliance with its requirement will sustain the most important undertakings. (1 *Parsons on Cont.*, 2d ed., 357. *Freeman* v. *Freeman*, 43 *N. Y.*, 34–39.) It undoubtedly was beneficial to Buddensick, the mortgagor and owner of the property, to have the lien appearing against it discharged. He regarded it in that way; otherwise he would not have undertaken to give the bond and mortgage he was in no way bound to execute, or deliver, for the purpose of securing its satisfaction. And after receiving the stipulated benefit, and giving the bond and mortgage for it, he cannot be exonerated from the obligation to pay what he expressly covenanted for as its price. The proof shows that the burthen was imposed for that advantage and for that alone, and as he secured it the law will not now allow him to avoid its consequences. If the contractor has failed to perform his agreements, the remedy against him is confined to an equivalent by way of damages, not by resisting the enforcement of the security not rendered dependent on his future fulfilment.

The defence was not alleged, but evidence was given tending to show a subsequent renewal of the lien. How that could have been valid after it had once been discharged, and the bond and mortgage had taken its place, was not made to appear during the trial. It could not very well have become so, under the circumstances appearing in the case. For that reason it was no defence to the foreclosure, and the referee did right in rejecting it. The bond and mortgage were made payable, in absolute terms, on the day mentioned in them, and the

obligation could not be changed by evidence showing that a different agreement would have been more judicious, as long as the contracts made were then unperformed. The terms used seem to have been in strict accordance with the understanding entered into. The obligation was assumed without deception or mistake, just as it was designed to be created; and as it was supported by a sufficient consideration, it cannot be successfully resisted because the contractor afterwards failed to perform the terms of his agreements.

The judgment recovered was right, and it should be affirmed with costs.

Judgment affirmed.

[First Department, General Term at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]