Herman Rice et al., Appellants, *v.* Wilbur J. Manley, Respondent.

One S. had contracted, by parol, to sell and deliver to plaintiffs a quantity of cheese, but being made to believe, by the fraud of defendant, that plaintiffs did not want the cheese, sold it to defendant. The contract was not binding under the statute of frauds, but would have been performed by S. had it not been for the fraud. *Held,* that an action was maintainable against the defendant therefor.

*Dung* v. *Parker* (52 N. Y., 494) distinguished.

The cheese was contracted for by plaintiffs for the New York market. It was proved that the only market for cheese in C. county, where the cheese was to be delivered, was for transportation and sale in said city of New York; and that its market-price controlled the price in C. county. *Held,* that it was competent, on the question of damages, to prove the value of the cheese in New York, and the cost of transportation thither.

*Rice* v. *Manley* (2 Hun, 492) reversed.

(Argued April 14, 1876; decided April 25, 1876.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department reversing a judgment in favor of plaintiffs, entered upon the report of a referee. (Reported below, 2 Hun, 492.)

This was an action for fraud. The facts sufficiently appear in the opinion.

*Wilkes Angel* for the appellants. Fraud, accompanied by damage, makes a cause of action. (*Pasley* v. *Freeman*, 3 T. R., 51; *Upton* v. *Vail*, 6 J. R., 181; *White* v. *Merritt*, 7 N. Y., 352, 357; 2 Wend., 385; 38 Barb., 210; 1 Kent's Com., 478.) It was proper to prove the value of the cheese in New York. (*Durst* v. *Burton*, 47 N. Y., 175; *Marshall* v. *N. Y. C. R. R. Co.*, 45 id., 502; *Richmond* v. *Bronson*, 5 Den., 55; *Wemple* v. *Stewart*, 22 Barb., 154; *Harris* v. *Pan. R. R. Co.*, 58 N. Y., 660.) Plaintiffs were entitled to recover the profits they might have made. (*Messmore* v. *S. and L. Co.*, 40 N. Y., 422; *Griffin* v. *Culver*, 16 N. Y., 489; *Heineman* v. *Heard*, 50 id., 27; Sedg. on Dam., 80*, note; *St. John* v. *Mayor, etc.*, 13 How. Pr., 527; 6 Duer, 315.)

*J. R. Jewell* for the respondent. The contract was void by the statute of frauds and cannot be enforced directly or indirectly. (*Dung* v. *Parker*, 52 N. Y., 494; *Cagger* v. *Lansing*, 43 id., 550; *Levy* v. *Brush*, 45 id., 589.) The measure of damages is the difference between the contract-price and the actual market value of the cheese at the time and place of delivery. (*Pumpelly* v. *Phelps*, 40 N. Y., 59; *Bush* v. *Cole*, 28 id., 261; *Hubbell* v. *Meigs*, 50 id., 480; *Maserton* v. *Mayor of Bklyn.*, 7 Hill, 61; 4 Den., 554; 1 N. Y., 305.)

EARL, J. The plaintiffs had made an agreement with one Stebbins to purchase from him a large quantity of cheese, to be delivered at a future day, at Cattaraugus station, Cattaraugus county. There had been no compliance with the statute of frauds so as to make the agreement binding upon either party; but both parties would have performed it but

for the fraud of the defendant. / The defendant knowing of the agreement, for the fraudulent purpose of defeating its performance by Stebbins, of depriving the plaintiffs of the benefit thereof, and of himself obtaining the cheese, caused a telegraphic dispatch to be sent to Stebbins, signed by the name of E. Rice, which he meant Stebbins should understand to be the name of one of the plaintiffs, to the effect that he could sell the cheese and plaintiffs did not care for it. He took the dispatch from. the telegraph office and carried it to Stebbins, and by this fraud induced Stebbins to sell and deliver the cheese to him before the day of delivery to the plaintiffs arrived.    The referee held that defendant was liable to the plaintiffs for the damages sustained by them in conse- quence of this fraud; but the General Term reversed the judgment, holding, upon the authority of the case of *Dung* v. *Parker* (52 N. Y., 494), that the plaintiffs could recover no damage, because the agreement for the sale of the cheese to the plaintiffs, by Stebbins, was void by the statute of frauds.

It was said by COKE, J. (in 3 Bulst., 95), that "fraud without damage or damage without fraud, gives no cause of action; but when these two concur an action lies." This lan- guage has been frequently quoted with approval by judges and text writers, and the rule as thus laid down is generally applicable to the multifarious forms of fraud which come before the courts.    Fraud and falsehood are *mala in se*, and wrongful in the eye of the law, so that if damage results therefrom there is the damage and wrong necessary to create a cause of action.    (Ad. on Law of Torts, 25.) · In 2 Hilliard on Torts, 75, the learned author lays down the rule as follows: " In order to maintain an action for fraud, it is sufficient to show that the defendant knowingly uttered a falsehood with the design to deprive the plaintiff of a benefit and acquire it to himself;" and it must also be added that plaintiff was deceived and damaged.

What difference can it make that plaintiffs could not enforce their agreement against Stebbins? The referee found that Stebbins would have performed the agreement and that

plaintiffs would have had the benefit of it but for the fraud of the defendant. How, then, can it be said that plaintiffs were not damaged; that there was not both fraud and damage, so as to satisfy the rule above laid down? Plaintiffs' actual damage is certainly as great as it would have been if Stebbins had been obliged to perform his contract of sale, and greater, for the reason that they cannot indemnify themselves for their loss by a suit against Stebbins to recover damages for a breach of the contract. Suppose a testator designed to give A a legacy, and was prevented from doing it solely by the fraud of B; in such case, while A has no right to the legacy which he can enforce against the estate of the testator, yet both law and equity will furnish him appropriate relief against B, depending upon the facts of the case. (Kerr on Frauds, 274, and cases cited; Bacon Ab., Fraud, B.) Suppose A made a parol contract with B for the purchase of land, and B is ready and willing to convey, but is prevented from so doing by the fraudulent representations of C as to A, by which B is deceived and induced to convey to C; in such case, although A could not have compelled B to give him the conveyance, it would be a reproach to the law to hold that C would not be liable to A for the damage caused by the fraud.

The case of *Benton* v. *Pratt* (2 Wend., 385) is quite in point, and is conceded by the learned judge who wrote the opinion of the General Term to be a controlling authority for the maintenance of this action if not overruled. In that case Seagraves & Wilson, of Allentown, Penn., had made a contract with the plaintiffs to purchase of him, to be delivered at a future day, twenty hogs, nothing having been done to make the contract binding within the statute of frauds. While the plaintiff was driving his hogs and thus preparing to perform his contract, the defendants, knowing the facts, drove their hogs to Allentown, and fraudulently represented that plaintiffs did not intend to deliver his hogs to Seagraves & Wilson, and thus induced them to buy their hogs; and when plaintiff arrived with his hogs, Seagraves & Wilson refused to take them solely because they had a full supply. That was a case

where the plaintiff could not have enforced his contract against Seagraves & Wilson, and yet the court held that he could maintain an action of fraud against the defendants for damages sustained on account of the fraud. Judge SUTHERLAND said: "There is the assertion on the part of the defendant of an unqualified falsehood, with a fraudulent intent as to a present or existing fact, and a direct, positive and material injury resulting therefrom to the plaintiff. This is sufficient to sustain the action." He also said: "It is not material whether the contract of the plaintiff with Seagraves & Wilson was binding upon them or not, the evidence established beyond all question that they would have fulfilled it but for the false and fraudulent representations of the defendants."

In *Snow* v. *Judson* (38 Barb., 210), it was held that false statements made by an individual in regard to articles manufactured by others, for the purpose of preventing sales by them of such articles, which do in fact prevent such sales and injure the manufacturers in their business, constituted a cause of action. It has been held in many cases that a false representation, made with intent to injure one, and in relying on which he is injured, is a good cause of action, although no benefit accrues to the party making it, from the falsehood. (*Pasley* v. *Freeman*, 3 Term R., 51; *White* v. *Merritt*, 7 N. Y., 352.) In the latter case it is said that the action will lie whenever there has been the assertion of a falsehood with a premeditated design, as to a fact, when a direct and positive injury arises from such assertions; and *Benton* v. *Pratt* is cited as authority. In *Green* v. *Button* (2 C. M. & R., 707) the plaintiff had made a contract for the purchase of spruce battens for £11; upon the case, as presented to the court, the battens had not been delivered or paid for. The defendant, who had loaned the plaintiff the money to pay for the battens, went to the sellers and falsely and fraudulently represented, among other things, that he had a lien on the battens, and ordered and directed them not to deliver them. The sellers, being deceived by the representations, were induced not to deliver the battens, and the plaintiff suffered damage; and

it was held that an action for the fraud could be maintained, although the sellers were under no obligation to deliver the battens.

The mere forms adopted for the perpetration of frauds are of little importance; it matters not whether the false representations be made to the party injured or to a third party, whose conduct is thus influenced to produce the injury, or whether it be direct or indirect in its consequences. Schemes of fraud may be so cunningly devised as to elude the eye of justice, but they must not escape condemnation and reparation when discovered.

The case of *Dung* v. *Parker* is not in conflict with these views, and it was not there intended to overrule the case of *Benton* v. *Pratt.* In that case the defendant falsely represented that he had authority to lease, as agent for another, certain premises, and as such agent he contracted by parol to lease the premises to the plaintiff for the term of two years; in consequence of which plaintiff incurred expense to procure fixtures to fit up the premises. It was held that the plaintiff could not recover. In that case the parol lease was void under the statute of frauds, and if the defendant had possessed full authority to lease the premises, or if the contract had been made directly with the owner of the premises, it would have been without legal force or validity; and it was upon this ground that plaintiff was defeated. The rule was laid down, "that an agent, who falsely represents his authority to make a contract on behalf of another, is not liable in contract or tort, unless the principal would have been bound by the contract made if the agent had such authority." There was no proof that plaintiff could have procured a valid lease. But if it had been shown that the owner had agreed to give the lease and was willing to do so, and was prevented by the fraud of the defendant, a case would have been presented like this, and a different result would have been reached.

This cheese was contracted for by plaintiffs for the New York market, and it was proved that the New York market

for cheese controls the price of cheese in Cattaraugus county. The only market for cheese in that county was for transportation to, and sale in, New York; hence it was competent to prove the value of this cheese in New York, and the cost of transportation there, with the view of placing before the referee facts which would enable him to estimate plaintiffs' damage. (*Durst* v. *Burton*, 47 N. Y., 167; *Harris* v. *Panama Railroad Co.*, 58 id., 660; *Griffin* v. *Colver*, 16 id., 489; *Heinemann* v. *Heard*, 50 id., 27.)

The order of the General Term must be reversed, and judgment upon report of referee affirmed, with costs.

All concur.

*Order reversed, and judgment accordingly.*