Rumsey, J.
The facts upon which these claims are based are not disputed. It appears that the lunatic and William C. Walker and Mrs. Palmer are brothers and sister. John Walker was their father. He proposed to divide certain property between his three children, and for that purpose had set it off into three parcels, of which each was to have one. It was agreed that William Walker, who was to get the parcel supposed to be the most valuable of the three, should pay to his brother and sister each $250. The bargain was thus concluded and the necessary deeds were drawn for the father to sign. Before they were signed, however, the buildings on the parts assigned to William and to Mrs. Palmer were destroyed by fire, and he therefore refused to pay the $500. After some discussion on the subject, Harvey proposed that if William and Mrs. Palmer would permit the division to stand as it had been arranged, he would pay them each $100. This proposition was agreed to and the deeds were executed accordingly.
The claimants now ask that the $100 shall be paid by the committee of the lunatic. The referee to whom it was referred to take the evidence and report it with his opinion, has said that in his judgment- the claims should be allowed, and the claimants now move to qonfirm his report.
The committee objects that the promise made by Harvey Walker to pay $100 was without consideration, and that objection presents the only question in the ease upon the merits. It is quite clear,-I think, that the claim cannot 'be brought within the qase of Lawrence v. Fox (20 F. Y. 268), because the promise was not made to John Walker, but it was made to the *467 brother and sister directly. The case is, that by the completed arrangement which the father intended to carry out, Harvey had secured a piece of land and his brother and sister certain houses and lots. Pending the conveyances, a fire destroyed the houses, and William refused to perform his contract because of the great decrease in the value of his share. As the whole arrangement was unfinished, he could not be compelled to perform. Harvey, desiring it to be carried out as made, agreed to pay $100 to each if it should be permitted to stand. Here clearly was a benefit accruing to him which induced him to make his promise, and that affords a consideration (Pollock, Coni. 151).
But it is said that the. deeds from the father were a mere gift; that neither Mrs. Palmer nor William had any title or interest in the lands proposed to be given, to them, and that neither of them gave up anything as a consideration for Harvey’s promise. The gift of the land was not the consideration of the contract, nor was it any part of that contract. The contract was made between the parties who were to receive the gift in order that it might be perfected. After the contract, and, as we may infer, by reason of it, the gift was completed, and Harvey received what he wanted to get. It does not follow that because a contract is not valid, or because an unexecuted gift cannot be enforced, that the law will not permit it to make the basis of a right. If it would have been performed, it is regarded as a valuable thing which may be protected (Rice v. Manly, 66 N. Y. 82). So if a contract is made with regard to it, and the gift, by reason of the contract, is executed, so that the contractor gets the benefit of his contract, he.ought not to be permitted, to repudiate his contract because the object of it was not enforceable at law. But in this case, as I said, the gift was not the consideration of the contract. The consideration was the expected benefit to accrue to Harvey from the *468 acceptance of it by Mrs. Palmer and William' in its depreciated'state, so that he was enabled to hold what be was to receive. I think this was enough to support his promise.
The report of the referee must therefore be confirmed and the committee ordered to pay the claims. As this is a special proceeding, the costs are in the discretion of the court. I think that under all the circumstances the claimants should have costs of one proceeding.
Note on Actions By Strangers to the Consideration.
A very similar case is McConbray v. Thompson, 16 Weekly Rep. 367 (Irish C. P. 1868) decided the contrary way, but in accordance with English common law.
A., B. and C. agreed together, A. giving B. property worth a certain sum in consideration of which B. promised to pay C. one-half that value. Meld, that C. could not recover against B.
The doctrine of this ruling is that of Tweddle v. Atkinson, 1 Best & S. 393, the leading English case, that1 “no stranger to the consideration can take advantage of a contract though made for his benefit.”
There are many American authorities which countenance the sanie theory, though few which make such a blind and pertinacious application of it. See Exch. Bank v. Rice, 107 Mass. 39, and Cas. Cit.; Mellen v. Whipple, 1 Gray, 317.
But one cannot go far in testing this doctrine in practical application, without discovering that it is not now generally recognized in American law. Its mutilated fragments are preserved here and there in by-paths, but along all the great lines of common transactions, frequent controversy and familiar decision, it is well settled to be usually unnecessary that the consideration shall have moved from the plaintiff.
The single instance of contracts of insurance is sufficient to show that there is now no general principle forbidding a stranger to. the consideration to recover on a contract. If there were, it would prevent recovery for the benefit of whom it may concern on a considerable proportion of marine and fire policies, and recovery by the beneficiary in a considerable proportion of life policies.
Another class of cases, is that of carriers held liable to consignees *469 and telegraph companies to addressees, when pre-payment- has been made.
The law of trusts is full of instances, many of which are not pure express trusts, but the enforcement of a right created by contract.
A survey of all the classes of cases in which recoveries have been attempted by persons who were strangers to the consideration, would probably show the usual and prevailing rule of the law of contracts generally, to be that it is enough if the consideration was received by defendant, and the promise was made and intended for the benefit of the plaintiff, and founded upon some privity between him and the promisee.
The cases of promises in the nature of gifts, and arrangements for support, division of estates, &c. are occasional, exceptional and peculiar, and the narrow rules as to consideration, which the courts have sometimes enunciated in rather unqualified language, when disposing of such cases, long since ceased to be entitled to a place among the general principles of the law of contracts; and are of doubtful soundness even in their own source.
Recent cases recognize the modern extension of this principle.
Thus the putative father’s promise to the relatives of the child, that he will support it, will sustain an action by the child. Todd v. Weber, 95 N. Y. 181 (a strong case).
To the same effect is Benge v. Hiatt (Ky. 1885), 6 Ky. L. J. 714 (also a considered case).
Contractors with the State for a consideration moving from it, to publish and sell to the public at large ata specified price, are liable to an action directly by a person injured by their refusal to do so'. Little v. Banks, 85 N. Y. 258, aff’g 20 Hun, 143.
A mechanic filed a lien against property when nothing was due from the owner to the contractor ; and thereafter he released the lien in consideration of the owner’s giving a bond and mortgage to the builder for the amount of it. Held, that this was a sufficient consideration to the owner for the bond and. mortgage. Haden v. Buddensick, 67 Barb. 188.
To form a good consideration for the assignment of a bond and mortgage, it is not necessary that such consideration should pass between the assignor and assignee. Coles v. Appleby, 87 N. Y. 116, aff’g 22 Hun, 72.
So a church corporation can recover on a subscription paper signed before it existed, if it appear that the defendant expected the result to be for the benefit of a corporation to be so formed, and the terms of the subscription have been complied with. Presb. Ch. v. Beach, 74 N. Y. 72, rev’g 8 Hun, 644.
*470 Compare Hurd v. Kelly, 78 N. Y. 588; S. C., 34 Am. R. 567, aff’g 17 Hun, 327, n; Briggs v. Smith, 4 Daly, 110.
For the leading cases on .promises of assumption", see 7 Abb. N. Y. Dig. (1 Supp.) 408, 607; 8 Id. (2 Supp.) 273, 440, 607.