## DUCKETT v. POOL.

1. Respondent is not entitled to urge in this court, in support of an order of non-suit, a ground which was overruled by the Circuit Judge, no notice having been given that it would be here argued.
2. There being some evidence tending to establish one of the issues in the case necessary to plaintiff's recovery, there was no error in refusing a non-suit on that issue.
3. In action to recover damages for enticing away a servant of the plaintiff, there was evidence tending to show that the servant was in plaintiff's employment, and that defendant knew it and inquired whether the contract of employment was in writing; and that defendant sent his wagon and moved the servant to his own place. In granting a non-suit upon the ground that there was no evidence that defendant had enticed the servant away, there was error. Whether the evidence was sufficient was a question for the jury.
4. A parol contract between a landlord and a laborer made in November, 1888, for the whole of the year 1889, is within the statute of frauds, as it is not to be performed within a year; but while the servant remained in his master's service, one who entices him away is liable to the master in an action for damages, notwithstanding the statute of frauds; and it was for the jury to say whether the servant would have performed his verbal promise if the defendant had not interfered.

Before IZLAR, J., Laurens, February, 1890.

This was an action by Thomas J. Duckett against Martin B. Pool. The opinion states the case.

*Messrs. Ferguson & Featherstone*, for appellant.

*Mr. W. H. Martin,* contra.

July 2, 1890.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The allegations in the complaint are that plaintiff entered into a contract with one Henry Murrell, whereby the latter agreed to live on plaintiff's farm and work for him for the year 1889, and that defendant, after notice of this contract, enticed said Murrell from plaintiff's service to the damage of the plaintiff five hundred dollars.   The only defence interposed was a general denial of all the allegations contained in the complaint.

The plaintiff offered testimony tending to show that some time in November, 1888, he made a verbal contract with said Murrell to stay with him for the year 1889 upon the same terms as had been agreed upon between them for the year 1888, but when he was proceeding to state those terms and had gone as far as to say that he (plaintiff) was to furnish the mule, seed, and plantation tools, and give Murrell one-half that was made, he was stopped by the court with the statement that it was not necessary to give all the terms of the contract; that in consequence of something that he heard as to the conduct of the defendant in reference to the hands on plaintiff's farm, he sent word to defendant that those hands were under contract with him, "and as a gentleman I asked him not to have anything to do with them."   This message appears to have been communicated through the medium of a written note, to which defendant replied, also by written note, saying that he would have nothing to do with the hands if they were under contract.   There was also testimony tending to show that when defendant received the note from plaintiff, he inquired of the bearer of the note, as well as another person, whether the contract was in writing.   There was also testimony tending to show that soon after this correspondence between the parties, to wit, about the 12th of January, 1889, defendant sent his wagon and moved said Henry Murrell from plaintiff's place to his own.

At the close of plaintiff's testimony, defendant moved for a non suit upon three grounds: 1st. Because the contract between plaintiff and Murrell, not being in writing, was void under the statute of frauds, inasmuch as it was not to be performed within

one year "from the making thereof." Second. "That there is no proof that he enticed him away." Third. "That the relation of master and servant has not been established." The motion for non suit was granted by the Circuit Judge solely "because there was no evidence that the defendant had enticed, induced, or otherwise caused the man Murrell to leave the employment of the plaintiff."

Plaintiff appeals upon three grounds set out in the record, which in fact simply make the single question whether there was error in granting the non-suit on the ground stated. The respondent, however, according to the proper practice, gave notice that if the Supreme Court should be unable to sustain the judgment of non suit upon the ground on which it was rested by the Circuit Judge, he would insist that such judgment should be sustained, upon the ground that the alleged contract between the plaintiff and Murrell, being invalid under the statute of frauds, the action could not be sustained. So that the only questions presented by this appeal are, 1st. Whether there was error on the part of the Circuit Judge in holding that "there was no evidence that the defendant had enticed, induced, or otherwise caused the man Murrell to leave the employment of the plaintiff." 2nd. As to the effect of the statute of frauds.

It is true that respondent's counsel, in his argument here, has also undertaken to sustain the judgment of non-suit upon the third ground, upon which he based his motion in the court below, to wit, that there was no evidence that the relation of master and servant existed between the plaintiff and Murrell; but this ground is not properly before us, as the necessary notice was not given, and hence the respondent is not entitled to have it considered. We may say, however, that even if it could be considered, it would not avail the respondent, for there certainly was *some* evidence tending to show such a relation, and whether *sufficient* or not would be immaterial in a question like this.

Turning, then, to the two questions really presented by this appeal, it seems to us clear that there was error in holding that there was no evidence tending to show that defendant had enticed or induced Murrell to leave plaintiff's employment. It will be observed that the question here is not whether the evidence

was sufficient to establish that fact, for that is a question exclusively for the jury, and they should have been allowed to pass upon it. There certainly was evidence tending to show that Murrell had been in the employment of plaintiff for the year 1888, and that he had, by verbal contract, agreed to remain on the same terms for the year 1889; that defendant had explicit notice of that agreement, and that soon afterwards he sent his wagon and moved Murrell to his own place; and the further fact that defendant inquired particularly whether there was any written contract between plaintiff and his hands is not without significance. These and other circumstances in the case afforded room for the inference that Murrell had been induced by the defendant to leave plaintiff's employment, and it should have been left to the jury to say whether such an inference should be drawn from the facts. Indeed, it is laid down in Wood's Master and Servant, 450, upon the authority of *Milburne* v. *Byrne* (1 Cr. C. C., 239), that the employment of one's servant by another is *prima facie* evidence of enticement, provided defendant has notice that the services of the servant were due to the plaintiff.

It only remains to consider the effect of the statute of frauds, for we think it clear that the agreement between the plaintiff and Murrell falls within that statute, as it was made in November, 1888, and was not to be performed "within the space of one year from the making thereof," but, on the contrary, extended through the whole of the year 1889. So that while it is clear that either of the parties to that agreement might have availed themselves of the benefit of that statute—or, to speak more accurately, no action could have been brought by either of the parties upon such agreement—yet the question here is, whether the defendant; a third person, can avail himself of the benefit of the statute. On this subject we find the following doctrines laid down in 3 Parsons on Contracts, 56, *et seq. :* "It is to be noticed that, while some of the sections of the statute of frauds declare the oral contracts which they are intended to prevent, utterly void, the fourth section (under which the contract now in question falls) only provides that no action shall be brought upon the promises or for the purposes therein enumerated. * * * The distinction is sometimes important; nor is it adequately expressed in the cases which say

16—33

that these oral contracts, embraced within the fourth section, are not void, but voidable, by the statute of frauds. We consider them neither void nor voidable. If they were good at common law, they remain good now for all purposes but that expressly negatived by the statute—that is, no action can be brought upon them, but in other respects they are valid contracts. * * * The contract is valid as to third parties, although the statute has not been complied with, * * * the defence of the statute of frauds can be made only by the parties to the contract, or their privies."

This doctrine seems to have been recognized and applied in the case of *Keane* v. *Boycott*, 2 H. Bl., 511. Where there is a subsisting relation of service, even though it be not legally binding upon the servant and determinable at the will of the servant, it seems that the action may be maintained by the master against one who officiously—to use the language of Eyre, C. J., in *Keane* v. *Boycott*—interferes and induces the servant to leave the master's employment. See *Haskins* v. *Royster* (N. C.), 16 Am. R., 786. If, however, the servant, not being legally bound, terminates the relation of his own head, no action can be maintained against one who subsequently employs such servant. *Sykes* v. *Dixon*, 9 Ad. & El., 693. The principles quoted above from Parsons on Contracts find an analogy in the well settled rule as to the effect of a discharge in bankruptcy, or the statute of limitations, upon the contract affected thereby. In such cases the validity of the contract is not affected, but simply the right of action to enforce it. *Wilson* v. *Kelly*, 16 S. C., 216.

There is another view which would be sufficient to show that the mere fact that the contract between the plaintiff and Murrell not being in writing, would not afford the basis of an action by either of those parties, is not sufficient to defeat the present action. In the case of *Rice* v. *Manley* (66 N. Y., 82 ; s. c., 23 Am. Rep., 30), it was held that where the defendant by false and fraudulent representations had induced one Stebbins to violate a verbal contract which, under the statute of frauds in New York, was void, an action could be maintained, the referee having found as matter of fact that Stebbins, though not legally bound to do so, would have performed his contract with the plaintiff but for the interference of the defendant. Now, in this case, upon the

principle involved in the case just cited, it would seem that the question of fact should have been left to the jury, whether Murrell, but for the interference of defendant, would have been willing to perform the contract which he had entered into with the plaintiff, though not in such a form as would have subjected him to an action for its breach. There was evidence that the contract for the year 1889 had been made, and that, in accordance with one of its terms, Murrell remained on plaintiff's place for some days after that year had commenced and until he was taken off through the agency of the defendant, and it was for the jury, and not for the Circuit Judge, to say whether these facts, together with any other circumstances in the case, would have justified the inference that Murrell intended to fulfil his verbal agreement with the plaintiff, and would have done so but for the interference of the defendant.

It seems to us, therefore, that in any view of the case there was error in granting the non-suit.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial.