By the Court.—Ingraham, J.
The complaint alleges that the defendant, Clarence C. McEwen, a minor, commenced business in his own name about the 1st of October, 1886, for the benefit of his father, Edson H. McEwen, and the said business was con *15 ducted with money supplied said Edson H. McEwen through his wife, the defendant, Grace E. McEwen, and otherwise. That said Clarence C. McEwen obtained from plaintiff merchandise on credit and gave promissory notes therefor endorsed by said Edson H. McEwen. That said Clarence C. McEwen, being a minor, confessed judgment to the defendant, Grace E. McEwen, which judgment was void, and that upon such judgment an execution was issued and the property held in the name of said Clarence C. McEwen was levied on and sold by the sheriff of the city and county of New York under said execution and bought in by said Grace E. McEwen.
It is clear that upon these allegations plaintiff, as a.judgment creditor of Edson H. McEwen, who had exhausted his remedy at law, could maintain an action to have the property of the judgment debtor so transferred by this fraudulent device, applied to the payment of his judgment.
The complaint then alleges that the parties to the fraud organized the defendant corporation; that the defendant, Clarence C. McEwen, was the president and Grace E. McEwen was treasurer, and that the property so purchased by said Grace E. McEwen was turned over to said corporation and the capital stock issued therefor. I can see no reason why, under such circumstances, the property which was lawfully applicable to the payment of the plaintiff’s judgment cannot be followed in the hands of the corporation. The officers of the corporation had knowledge of the fraud, and, assuming these allegations are true, it is clear that the organization of the corporation was part of the device by which the property of the judgment debtor was to be divested so that it could not be reached and applied to the payment of his debts. The corporation cannot be said to be a bona fide purchaser of the property for value. Its officers had knowledge of the fraud; in fact were instrumental *16 in perpetuating the fraud, and the organization of the corporation was evidently for the purpose of carrying out the fraudulent scheme. The mere forms adopted for the perpetration of fraud are of little importance. Schemes of fraud may be so cunningly devised as to blind the eye of justice, but they must not escape condemnation and reparation when discovered. Rice v. Manley, 66 N. Y. 87. And it is the duty of a court of equity to look beneath the surface, and when the fraud appears, no matter what forms have been adopted to cover it up, to redress the wrong done.
The rule is now settled “ that a pleading on demurrer is deemed to allege what can be implied from the allegations therein by reasonable and fair intendment and facts impliedly averred and traversable in the same manner as though directly averred. It is sufficient that the requisite allegation can be fairly gathered from all the averments of the complaint although the statement of them may be argumentative and the complaint be deficient in technical language.” Marie v. Garrison, 83 N. Y. 23. And applying this rule I think the complaint alleges facts from which the inference of fraud are plainly implied.
It does not appear that there are any innocent parties who have rights that will be injuriously affected by granting the relief asked for. If it appears that such parties exist the court has ample power by final judgment to protect them.
I think, therefore, that the judgment appealed from was right and that it should be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.