## HILLHOUSE v. JENNINGS.

STATUTE OF FRAUDS—PLEADINGS—ANSWER—CONTRACT—DEMURRER— MOTION TO STRIKE OUT EVIDENCE.—VERBAL CONTRACT made to take effect in the future and to be performed in one year thereafter, is obnoxious to section 4 of the statute of frauds, and part performance will not relax the rule; and a motion to strike out evidence received to sustain such contract is in the nature of a demurrer, and may be sustained without pleading statute of frauds in answer.

Before BUCHANAN, J., Greenville, July, 1900. Affirmed.

Action on contract by E. Y. Hillhouse against L. I. Jennings. From judgment of nonsuit, plaintiff appeals on following exceptions:

"I. His Honor erred in striking out all of plaintiff's testimony. It being respectfully submitted that the same tended

to establish the material allegations of his complaint, and entitled plaintiff under the pleadings to some recovery, if believed by the jury.

"II. His Honor erred in holding that the contract as testified to by plaintiff was within the contemplation of the statute of frauds: (*a*) Said contract was to be performed within one year from the time the same was finally consummated. (*b*) If within the contemplation of the statute it was taken out by reason of performance on the part of the plaintiff. (*c*) Plaintiff having testified that there was $8.50 due him on account of wages earned and unpaid at the time of his discharge, he should certainly be entitled to recover that sum. (*d*) That the statute of frauds was never intended to promote fraud, but rather to prevent it, and it would be in fraud of plaintiff's rights, if his testimony be true, to allow the defendant to interpose the same under the facts of this case, and by his conduct the defendant is estopped from availing himself of such plea. (*e*) The plea of statute of frauds is a defense, and should have been specially pleaded in the answer.

"III. He erred in holding the testimony of the plaintiff irrelevant; the same being material and responsive to the allegations of the complaint.

"IV. He erred in sustaining defendant's objection to the following question asked the plaintiff: 'At the time that Mr. Jennings discharged you, were you able and willing to carry out the contract you had made with Capt. Jennings?' the same being material and responsive to the allegations of the complaint.

"V. He erred in sustaining defendant's objection to the following question asked the plaintiff: 'State whether or not Capt. Jennings permitted you to carry out your contract?' It being respectfully submitted that such question was under the pleadings material and responsive to the allegations of the complaint.

"VI. His Honor erred in granting a nonsuit for the reason that there was some testimony going to sustain the ma-

terial allegations of the complaint, to wit: the contract between plaintiff and defendant; that plaintiff entered upon the discharge of his duties under the said contract, and worked for the defendant thereunder for six months, until the 19th of June, 1900; that within that period he earned $8.50, which the defendant was due him; that the defendant unlawfully and without just cause discharged him; that plaintiff was then, and remained, ready, willing and able to perform the services that he had contracted to perform, and protested against his discharge; and by reason of the unlawful breach on the part of the defendant, the plaintiff had been damaged, which damages should have been submitted to the jury.

"VII. He erred in granting a motion for nonsuit, because plaintiff's first cause of action, to wit: for the balance due on salary earned, was certainly established by the testimony, and should have been submitted to the jury.

"VIII. He erred in not holding that plaintiff had offered some testimony tending to establish the material allegations of his complaint, and, therefore, in not refusing defendant's motion for nonsuit."

*Messrs. Carey, McCullough & Martin,* for appellant, cite: *As to main issue:* 27 S. C., 578; 44 S. C., 454; 7 Ency., 2 ed., 90. *Plea not raised by pleadings:* 1 DeS. Eq., 351; 35 N. Y. S., 547; 20 So. R., 125.

*Messrs. Haynsworth, Parker & Patterson,* contra, cite: *On main issue:* 57 S. C., 147; 48 S. C., 298. *Not necessary to be pleaded:* 2 DeS. Eq., 171; 5 Rich. Eq., 180.

April 18, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. The plaintiff's complaint contained two causes of action, based upon a verbal contract between the plaintiff and defendant, for the former to serve the latter for one year from the 21st day of November, 1898. The

plaintiff's duties under such contract were to manage the defendant's store at "Riverview," in Greenville County, S. C., and to attend to certain minor matters of business connected with defendant's farming interests near by. The salary to be paid plaintiff was $25 a month for the term of one year, payable monthly. The plaintiff alleged in his complaint that he rendered the services contracted for until the 19th June, 1899, when he was discharged by the defendant, and that when defendant discharged the plaintiff on 19th June, 1899, he owed the plaintiff the sum of $8.50 for his services under said contract, which the defendant refused to pay. The complaint as to the *second cause of action* showed the foregoing facts by its allegations, and besides, alleged that defendant, without just cause and against the solemn protest of the plaintiff, discharged the plaintiff from his further services under such contract on the 19th June, 1899. That the breach by the defendant of his contract with the plaintiff caused the loss of his salary of $25 per month from 19th June, 1899, to 31st November, 1899, to wit: the sum of $126.66. He prayed judgment for $135.16. In defendant's answer:

"For a defense to the first cause of action: I. He denies each and every allegation of the complaint relative to the first cause of action, except such as are hereinafter admitted.

"II. He alleges that he was engaged in the mercantile business at 'Riverview,' in county of Greenville, State aforesaid, and carried there a considerable stock of goods, and had a large custom or trade; that the defendant resided in the city of Greenville, but paid occasional visits to said store.

"III. He admits that in November, 1898, he employed the plaintiff, and he alleges that under the terms of employment the plaintiff was to take personal charge of the said business and personally conduct and manage the same, under the orders and directions of the defendant; and that he was to sell the goods in said store and wait on defendant's customers in a careful and business-like manner, and keep proper books of account, and personally to transact all of the

business incident thereto; and he was also to feed and attend to defendant's live stock in said place; the defendant denies that the term of employment was for one year, and alleges that it was for no definite period, but during the will of both parties. That for said services the defendant agreed to pay to the plaintiff $25 per month, together with the use of a certain dwelling house and firewood for domestic purposes.

"IV. The defendant admits that he did discharge the plaintiff in the month of June, and he alleges that he did this for the following reasons, to wit: the plaintiff did not attend to the said business in a manner satisfactory to the defendant, but, on the contrary, was careless and negligent in the management thereof, and as a result there was considerable loss to the defendant in the capital invested in said business, and in the custom or trade that he had at said place; the plaintiff in many respects disobeyed the instructions and commands of the defendant as to the management of said business, to the injury of the defendant as he verily believes. That for these reasons the defendant discharged plaintiff, without malice and without any desire to injure him, but solely for the reason that the defendant deemed it best for the interest of his business to do so.

"V. The defendant did not discharge said plaintiff on said 19th day of June, 1899, without warning, but had given plaintiff notice more than a month prior to said date to take stock and turn over the premises to defendant.

"VI. That defendant does not owe the plaintiff the sum of $8.50, as alleged in the complaint, or any other sum.

"VII. That plaintiff occupied a house belonging to defendant at said 'Riverview' for three months after plaintiff had ceased to work for defendant, to wit: from June 29th, 1899, to September 19th, 1899, paying no rent and rendering no compensation of any sort to defendant therefor, and refusing to surrender same; though demand for such surrender was repeatedly made by defendant, which house was reasonably worth $5 per month rent, and defendant thereby

sets forth this debt of $15 as a counter-claim to plaintiff's first cause of action.

"For a defense to the second cause of action:" Paragraphs I., II., III. and IV. in the defense to this cause of action are the same as those set out in the defense to the first cause of action.

"V. That the defendant does not owe the plaintiff the sum of $126.66, as alleged in the complaint, nor any other sum.

"VI. That plaintiff was put in charge of defendant's large stock of goods and accounts at said 'Riverside,' and that if said plaintiff had managed the same with ordinary care and skill, he should have made a large net profit therefrom; but so far from making a profit from said business, plaintiff so managed and conducted said business that he caused the defendant a loss of at least $500 during the time that said plaintiff managed said business, and defendant hereby sets forth this claim of $500 as a counter-claim to plaintiff's cause of action.

"Wherefore, the defendant prays judgment against the plaintiff for the sum of $515, and for the costs of this action, and that the complaint herein be dismissed."

When upon the foregoing pleadings, the cause came on for trial before Judge Buchanan and a jury, and after the plaintiff had testified without objection to the verbal contract betwixt him and the defendant, and his services thereunder, and that the defendant owed him $8.50 on the 19th June, 1899, at which date the defendant discharged him from his employment, and thereafter was proceeding to prove a notice in writing from the defendant, L. J. Jennings, Mr. Haynesworth objected as follows:

"Mr. Haynesworth: We desire to have this evidence stricken out. The witness testified that in November, 1898, he entered into a contract with Capt. Jennings for the purpose of serving him, commencing in November, 1898, and we think that contract is clearly within the statute of frauds; we think the testimony is irrelevant. I submit that this con-

tract was made for the service in November, 1898, and I move to strike out that testimony.

"The Court: I think this objection ought to be sustained. This is not a *quantum meruit,* it is an action on a contract. Mr. McCullough excepts.

"Mr. McCullough, for the plaintiff, asked plaintiff: At the time that Mr. Jennings discharged you, were you able and willing to carry out the contract you had made with Capt. Jennings? Mr. Haynesworth objects. Objection sustained. Mr. McCullough excepts.

"By Mr. McCullough: Q. State whether or not Capt. Jennings permitted you to carry out your contract? Mr. Haynesworth objects. Objection sustained. Mr. McCullough excepts. Close.

"Mr. Haynesworth: We ask that your Honor instruct the jury to bring in a verdict for the defendant. The Court: No, I do not want to preclude them from coming again. I will grant a nonsuit."

Thereupon his Honor, Judge Buchanan, granted defendant's motion for a nonsuit by the following order: "The above named action having been duly called for trial, and the plaintiff having offered evidence and announced that he had closed his case, and counsel for defendant having moved for a nonsuit. It is ordered, adjudged and decreed, that the same be, and it is hereby, granted." This order was appealed from. Let the Reporter set out the exceptions.

We regard the motion of defendant to expunge testimony as virtually a demurrer, and the cases of *Pool* ads. *Duckett,* 33 S. C., 238, and *Mendelsohn* v. *Banov et al.,* 57 S. C., 147, as decisive of the questions raised as to the application of the fourth section of the statutes of fraud and perjuries to the verbal contract sued upon in the cause at bar. The complaint alleged and the testimony offered showed that the verbal contract was made some time in the month of November, 1898—prior to the 21st November, 1898—for the service of plaintiff to begin on said 21st November, 1898, and to continue during the year thereafter. It is expressly

held in *Duckett* v. *Pool, supra,* that as between the parties themselves as to the contract to begin in the future after the making of the contract, which contract was for one year's service, the fourth section of our statutes against frauds and perjuries applied; that is, the said section forbade an action to enforce the provisions of said verbal contract. So, too, in the case of *Mendelsohn* v. *Banov et al., supra,* it was expressly ruled that a verbal contract made in July for services to begin *1st November, of the same year,* and ending one year thereafter, was not actionable under section 4 of the statute of frauds and perjuries. Hard cases arise when this provision of our law is applied; but this Court does not make the law, but it does enforce it in sorrow over its rigor in some instances. It has been suggested by the exceptions that the defendant did not plead this bar to plaintiff's action. That is true, so far as there being no demurrer interposed and no direct reference to it in the answer; yet the Code gives permission to parties to demur for want of facts sufficient to constitute a cause of action at any time before the cause reaches the Supreme Court. Then it is again suggested that plaintiff was at least entitled to right to go to the jury to recover $8.50, due under the contract, before his discharge on 19th June, 1899. It should be recalled that plaintiff has elected to sue on a contract not enforceable—a contract obnoxious to the provisions contained in section 4 of the statute against frauds and perjuries, and hence this position is not tenable. Then appellant suggests that the testimony offered by him should have been allowed. This was not error in the Circuit Judge, when he refused his permission to offer such testimony. for such testimony was in direct contradiction of the law, when the sole purpose for offering it was to sustain a verbal contract not to be performed during one year after its creation, as the cause of action set up by plaintiff. Nor will part performance of such contract relax the rule. The exceptions must be overruled.

It is the judgment of this Court, that the judgment of the

Circuit Court be affirmed, but that this judgment shall not prejudice the plaintiff's right to bring any other action he may see fit.

MR. JUSTICE GARY concurs as to the second cause of action, but dissents as to the first cause of action; as it is his opinion that the ruling of his Honor, the Circuit Judge, is antagonistic to the principle stated in *Carter* v. *Brown,* 3 S. C., 298; affirmed in *Jacobs* v. *Ins. Co.,* 56 S. C., 558; *Hellams* v. *Patton,* 44 S. C., 454, and *Turnipseed* v. *Sirrine,* 57 S. C., 559.