(41 Misc. Rep. 396.)

AMERICAN LAW BOOK CO. v. EDWARD THOMPSON CO.

(Supreme Court, Special Term, New York County.   October 2, 1903.)

**1. TRADE—UNLAWFUL COMPETITION — INDUCING BREACH OF CONTRACT — INJUNCTION.**

Where defendant fraudulently induced persons dealing with complainant to break their contract for the purchase of complainant's books, for the intended benefit of defendant and to the intended injury of complainant, and defendant agreed to indemnify any of complainant's subscribers against claims for damages for their breach of contract in declining to receive and pay for complainant's books, and for conducting and defraying the expenses of the defense of any actions brought against such subscribers by defendant for breach of such contracts, complainant was entitled to an injunction restraining defendant from making such agreements.

**2. SAME—FRAUDULENT REPRESENTATIONS.**

Where, in a suit to restrain a competing publisher from inducing complainant's subscribers to break their contracts, intentional false statements concerning complainant's publications, made with a view to obstruct complainant's business and to divert it to defendant, were charged, whether the subscribers to complainant's publications in each instance were actually led by defendant's misrepresentations to break their particular contracts was not material.

**3. SAME—ADEQUATE REMEDY AT LAW.**

Where a competing publisher fraudulently induced complainant's subscribers to break their contracts by means of misrepresentations and agreements to indemnify such subscribers against damages and consequent litigation, complainant had no adequate remedy at law by its action for breach of such contracts, so as to preclude it from obtaining an injunction to restrain defendants from such acts.

**4. SAME—WRONGFUL ACTS—DISCONTINUANCE—EFFECT.**

Where complainant sought an injunction against a competing publisher to restrain defendant from inducing complainant's subscribers to break their contracts, and agreeing to indemnify them from damages accruing therefrom, the fact that defendant had discontinued the practice of offering such indemnity agreements did not deprive complainant of its right to injunctive relief.

Bill by the American Law Book Company against the Edward Thompson Company.   Preliminary injunction granted.

Fred C. Leubuscher, for plaintiff.
Walter Large, for defendant.

BISCHOFF, J.   By preliminary injunction in an action for injunctive relief the plaintiff seeks to restrain the defendant from making agreements with subscribers to the plaintiff's encyclopædia, whereby the defendant undertakes to indemnify these subscribers against claims for damages for their breach of contract in declining to receive and pay for the plaintiff's books, and from conducting and defraying the expenses of the defense to any action brought against the subscriber by the plaintiff.   The complaint alleges that these agreements have been systematically offered by the defendant to the plaintiff's subscribers for the purpose of causing them to subscribe to the defendant's encyclopædia, and to repudiate their subscriptions for the work published by the plaintiff; and the allegations further disclose the making of intentional misrepresentations by the defendant to these subscribers as to the relative merits of the encyclopædias

for the purpose of inducing the breach of contract. The defendant admits the making of the agreements in question, but asserts that the plaintiff has no remedy in equity upon the allegations of the complaint, the contention being that the plaintiff has his remedy at law for each contract broken, that the party to that contract has the right to break it and pay damages, and that what the party can do another person may ask him to do without restraint by injunction. It is also argued that the cases in which an injunction has been granted to prevent the solicitation of a breach of contract are found to have involved only contracts for personal services, and that there is no precedent for such an injunction as the plaintiff seeks. If there be no exact precedent for this injunction, none is needed. The complaint avers, and the affidavits support the averment, that the defendant is engaged in an attempt to obtain business which the plaintiff has secured, having no regard to fairness of competition but with resort to trick and device.

Whether the subscribers are in each instance actually led by the defendant's misrepresentations to break the particular contracts is not important, and is not an essential averment of the complaint. Intentional false statements, made with a view to obstruct the plaintiff's business and to divert it to the defendant, are charged, and the solicitation of the subscriber's breach of contract is but a more active step in the same scheme of unfair competition. The fraudulent intent, followed to fruition in the actual inducement of persons dealing with the plaintiff to break their contracts for the intended benefit of the defendant and to the intended injury of the plaintiff, is the basis of the defendant's wrong; a wrong which our system of remedial justice recognizes as the subject of relief. Rice v. Manley, 66 N. Y. 82, 23 Am. Rep. 30; Rich v. R. R. Co., 87 N. Y. 390, and, see, Bowen v. Hall, 6 Q. B. D. 333.

That an action for damages would not afford an adequate remedy is obvious. The loss of business and the injury to business reputation resulting from the defendant's acts of obstruction, and from the consequent litigation between the plaintiff and its delinquent subscribers, could not be estimated nor proven with any degree of certainty for the purposes of a recovery; nor could the plaintiff properly estimate the additional burden of the future litigation with subscribers, whose defense would (as is to be inferred from the past) be conducted by the defendant at great pains and expense, bearing no relation to the amount of the claim, but solely in the interest of obstruction and for advertising purposes. The invasion of a legal right being apparent, and the inadequacy of relief at law being clear, a case for injunctive relief is made out; and, indeed, direct authority for an injunction upon a very similar state of facts is not wanting. Stoddard v. Key, 62 How. Prac. 137.

The suggestion that the plaintiff has solicited the breach of subscribers' contracts with the defendant is not supported by proof, which would be readily obtainable if this were the fact, and the papers disclose the contrary.

That the practice of offering these indemnity agreements is claimed to have been discontinued would not affect the right to an injunction,

and, in any event, the defendant should be enjoined from taking over the defense of claims which are the subject of existing indemnity agreements. The defendant has not bound itself to conduct these defenses, and its acts so far are solely for its own benefit in lessening the amount payable by way of indemnity to the subscribers. The injunction to this extent is within the complaint, and is essential to the plaintiff's protection; but, if any unfairness to the defendant be apprehended, the order may limit the injunction, so far, to actions now pending, the plaintiff having the bringing of these suits within its own hands, and there being no hardship in requiring that the further prosecution of suits against indemnified subscribers be delayed until after judgment in this suit.

Motion granted. Settle order on notice.