## 9404

### POSTON *ET AL.* v. LYERLY.

#### (89 S. E. 392.)

Master and Servant—Action for Enticing Servant—Liability.—In action for enticing a servant, where the contract of employment was voidable under the statute of frauds, and notice of termination by the servant was given before any act on part of defendant tending to show he enticed the servant, defendant was not liable.

Before Shipp, J., Florence, May, 1915. Appeal dismissed.

Action by Walter Poston and another against Arthur E. Lyerly. From judgment for defendant, plaintiffs appeal.

*Mr. Philip H. Arrowsmith,* for appellants, cites: *As to validity of contract:* 15 S. C. 84; 18 S. C. 511; 79 S. C. 102; 33 S. C. 238. *Presumptions:* 16 Cyc. 1050; 37 Am. Rep. 700; 11 Casey 443.

*Mr. Ashton H. Williams, Jr.,* for respondent.

June 28, 1916.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

Footnote.—As to liability for enticing away servant, see 2 A. & E. Ann. Cas. 441 to 444, 5 L. R. A. (N. S.) 1091 to 1100. Form of remedy, 11 L. R. A. 548, 550.

This is an action for actual and punitive damages, alleged to have been sustained by the plaintiffs through the wrongful acts of the defendant, in enticing a servant from their employment..

One of the plaintiffs testified as a witness, and at the conclusion of his testimony the defendant made a motion for a nonsuit, which was granted, on the ground "that the contract between the plaintiffs and the said servant was voidable, and,. the servant having given notice of his intention to leave the plaintiffs' service before the evidence showed that defendant was enticing him, that no case was made against the defendant."

. The contract was within the statute of frauds, and was therefore voidable. · *Duckett* v. *Pool,* 33 S. C. 238, 11 S. E. 689. This is admitted by the appellant's attorney. The only reasonable inference from the testimony is that the notice given the plaintiffs by the servant terminated the contract before any act on the part of the defendant tending to show that he enticed the servant.

Appeal dismissed.