CARL D. RITZWOLLER, Appellant, *v.* GUSTAV LURIE et al.,
Respondents.

Stock corporations — stock subscriptions — action for rescis-
sion of subscription to stock and for rescission of contract of
employment — when action for rescission of subscription to
stock may be maintained on ground of fraud — action for
rescission of contract cannot be maintained when plaintiff
has other and adequate remedy.

1. This action was brought by the plaintiff seeking rescission of a
subscription made by him for capital stock of the defendant corpora-
tion and to have repaid to him the sum paid on such subscription;
also to have rescinded a contract of employment made by him with
the corporation with an accounting for damages claimed to have
been sustained by him under the contract.   This relief is sought upon
the ground that the plaintiff was induced to make the subscription
and contract by the fraudulent representations of the individual
defendant acting in behalf of the corporation.   *Held*, on examination
of the complaint on demurrer, that while the representations of the
individual defendant through which plaintiff was induced to subscribe
for stock and enter into the contract of employment related to some-
thing which was to occur in the future in the way of organization
of the corporation and payment for its stock in full with property
and cash, the allegations describe a case where a defendant has
fraudulently and positively as with personal knowledge stated that
something was to be done when he knew it was not to be done and that
his representations were false.   Such statements and representations
when false are actionable.   (*Adams* v. *Gillig*, 199 N. Y. 314, followed.)

2. Upon the allegations of the complaint as to the contract for
employment and demand for its rescission, even if they are sufficient
to state a cause of action, it is doubtful whether plaintiff is entitled
to equitable relief, nor does he need such relief to protect whatever
rights he has.

3. A demurrer is well interposed by the individual defendant.   In
making the alleged false representations he acted on behalf of the
corporation and the money paid by plaintiff to him was so paid for
the purpose of being turned over to the corporation for stock and
was in fact so turned over.   No cause of action is alleged against
him personally.

*Ritzwoller* v. *Lurie*, 180 App. Div. 934, modified.

(Argued January 7, 1919; decided February 7, 1919.)

APPEAL from a judgment, entered June 17, 1918, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of Special Term overruling demurrers to the complaint, sustained such demurrers and directed a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles A. Winter* and *Adolph Boskowitz* for appellant. The amended complaint contains all of the essentials of a good cause of action for rescission. (*Vail* v. *Reynolds,* 118 N. Y. 297; *Gould* v. *Cayuga Co. Nat. Bank,* 86 N. Y. 75; *Bosley* v. *N. M. Co.,* 123 N. Y. 550; *Leary* v. *Geller,* 224 N. Y. 56; *East River Nat. Bank* v. *Columbia Trust Co.,* N. Y. L. J. June 28, 1918; *Mack* v. *Latta,* 178 N. Y. 525; *Hooker, Corser & Mitchell Co.* v. *Hooker,* 103 Misc. Rep. 66; *Kountze* v. *Kennedy,* 147 N. Y. 124; *Gabriel* v. *Graham,* 168 App. Div. 847; *Burrows* v. *Smith,* 10 N. Y. 550; *McDermott* v. *Harrison,* 30 N. Y. S. R. 324.)

*Louis Maxwell Cohen* and *M. Montefiore Henschel* for respondents. The complaint does not state facts sufficient to constitute a cause of action or causes of action. (*Wilson* v. *Meyer,* 154 App. Div. 302; *Remmer* v. *Berbling,* 66 Misc. Rep. 291; *Johns* v. *Clothier,* 139 Pac. Rep. 755; *Van Slochem* v. *Villard,* 207 N. Y. 587; 154 App. Div. 161; *Armstrong* v. *Danahy,* 75 Hun, 405; *Yonkers, etc., Co.* v. *Jones,* 30 App. Div. 316; *Leszynsky* v. *Ross,* 35 Misc. Rep. 652; *Booth* v. *Dodge,* 60 App. Div. 23; *Garret Co.* v. *Appleton,* 101 App. Div. 507; *B. & N. Y. C. R. R. Co.* v. *Dudley,* 14 N. Y. 336; *Whalen* v. *Hudson Hotel Co.,* 183 App. Div. 316.) Causes of action have been improperly united in the complaint. (*Bartol* v. *Walton & Whann Co.,* 92 Fed. Rep. 13; *O'Connor* v.

30

*V. P. & P. Co.*, 184 N. Y. 46; *M. L. Ins. Co.* v. *Gillette*, 119 App. Div. 430; *U. G. Co.* v. *Eisner*, 22 App. Div. 1; *Raegener* v. *McDougall*, 33 App. Div. 231; *Geneva Mineral Spring Co.* v. *Coursey*, 45 App. Div. 268; *Dickerson* v. *Appleton*, 123 App. Div. 903.)

Hiscock, Ch. J. This action was brought by the plaintiff seeking rescission of a subscription made by him for one hundred shares of the capital stock of the defendant corporation and to have repaid to him the sum of $10,000 paid on such subscription plus interest and less dividends; also to have rescinded a contract of employment made by him with said corporation with an accounting for damages claimed to have been sustained by him under said contract. This relief is sought upon the ground that the plaintiff was induced to make said subscription and contract by the fraudulent representations of the individual defendant acting in behalf of said corporation.

Each defendant has separately demurred to the complaint on various grounds of which the one that said complaint does not state facts sufficient to constitute a cause of action alone requires any serious consideration.

Scattered through a long and somewhat diffuse complaint are allegations to the following effect: Prior to January, 1907, plaintiff with other individuals was in the employ of a partnership composed of the defendant Lurie and another person. Said defendant represented to plaintiff that a corporation was to be formed to take over said business with a capital stock of $200,000 which was to be paid in full in cash and property; that said other individuals, who with plaintiff were the employees and associates of said defendant, were to take stock in the corporation and pay for the same in full in cash. Thereupon and in reliance upon said representations plaintiff subscribed for one hundred shares of said capital stock paying to the defendant Lurie $10,000 by

him to be turned over to the corporation when organized for said stock, and said subscription on the organization of said corporation shortly thereafter was consummated, said money being paid to it and plaintiff receiving the stock scrip; that at the time he represented to plaintiff that subscriptions for said capital stock were to be paid in cash and property the defendant knew that this was not to be done and that subscriptions were not thus to be paid, and intentionally and falsely misrepresented said facts to plaintiff; that as matter of fact nearly $40,000 of subscriptions to the stock by various individuals who had been mentioned by defendant to plaintiff were never paid, in some cases notes given therefor still remaining unpaid and in some cases any obligation to pay for the stock being totally repudiated.

It is also alleged as bearing on the subject of employment that plaintiff while in the employ of the copartnership which preceded the corporation worked as a salesman and received compensation on a commission basis determined by his sales; that the defendant Lurie represented to plaintiff that the profits of the copartnership had been large and that those of the corporation would be still larger and that it would be to his benefit in connection with his stock subscription to enter the employment of the corporation on a fixed salary rather than on a commission basis which the plaintiff did, continuing in such employ for several years; that these various representations were false and fraudulent. Several reasons are alleged as explaining plaintiff's failure to discover the falsity of the representations which were made to him and to bring this action for rescission and restoration more promptly.

These allegations, together with various formal ones which it is not necessary to summarize, set forth a cause of action against the corporation.

While the representations of the individual defendant

through which plaintiff was induced to subscribe for stock and enter into the contract of employment related to something which was to occur in the future in the way of organization of the corporation and payment for its stock in full with property and cash, we think the allegations in the complaint describe a case where a defendant has fraudulently and positively as with personal knowledge stated that something was to be done when he knew all the time it was not to be done and that his representations were false.    It is not a case of prophecy and prediction of something which it is merely hoped or expected will occur in the future, but a specific affirmation of an arrangement under which something is to occur, when the party making the affirmation knows perfectly well that no such thing is to occur.    Such statements and representations when false are actionable within the authority of *Adams* v. *Gillig* (199 N. Y. 314). Therefore, we think that a cause of action is alleged against the defendant corporation for rescission of the stock subscription and restoration of the money paid by the plaintiff thereon with proper credits and debits for dividends and interest.

It is more doubtful whether any cause of action has been stated for rescission of the contract of employment made by the plaintiff with the corporation.    It is, however, unnecessary to pursue this question to a final determination for plaintiff needs no equitable relief on that subject to protect whatever rights he has.    His contract with the corporation is not alleged to have been for any definite time and, therefore, he could terminate it whenever he wanted to.    Furthermore, no ground is made out in his complaint for any accounting for damages. It does not appear that the contract which he had with the preceding partnership was for any definite time beyond 1906 and that he, therefore, lost anything by abandoning it, and there is no allegation which indicates

that if he had not taken the contract which he did with the corporation he would have done better anywhere else or under any other contract he could have secured.

The demurrer of the individual defendant is well made. In this action for rescission no cause of action is alleged against him. In making the alleged false representations he acted on behalf of the corporation and the money paid by plaintiff to him was so paid for the purpose of being turned over to the corporation for stock and was in fact so turned over. It is not necessary to consider what his liability would have been in some other form of action; he certainly is not a necessary or proper party to this action and no ground for relief is stated as against him.

Therefore, the judgment sustaining the demurrer of the individual defendant and dismissing the complaint should be affirmed, with costs, and the judgment sustaining the demurrer of the corporation defendant and dismissing the complaint should for the reasons stated be reversed, and the judgment of the Special Term as to such defendant affirmed, with costs in this court and the Appellate Division.

CHASE, HOGAN, CARDOZO, POUND and ANDREWS, JJ., concur; McLAUGHLIN, J., not voting.

Judgment accordingly.