4 N.Y.2d 403 (1958)
Channel Master Corporation, Plaintiff-Respondent,
v.
Aluminium Limited Sales, Inc., Defendant-Appellant.
Court of Appeals of the State of New York.
Argued May 6, 1958.
Decided June 25, 1958.
A. Donald MacKinnon and Janet P. Kane for appellant.
Abraham Streifer and Louis Berger for respondent.
Chief Judge CONWAY and Judges DESMOND and FROESSEL concur with Judge FULD; Judge BURKE dissents in an opinion in which Judges DYE and VAN VOORHIS concur.
*405 FULD, J.
On this appeal, here on questions certified by the Appellate Division, we are called upon to determine the sufficiency of a complaint in a tort action for damages based on fraud and deceit.
The plaintiff, a manufacturer and processor of aluminum, requires for its business a dependable supply of aluminum ingot in large quantity. The defendant is engaged in the business of selling that metal. The amended complaint states two causes of action.
In the first cause of action, the plaintiff alleges that in April, 1954, the defendant represented that "its available and uncommitted supplies and productive capacity of aluminum ingot, then existing, were such as rendered it then capable of selling to the plaintiff 400,000 pounds per month and that it had entered into no binding commitments with other customers which could in the future reduce such available and uncommitted supplies and productive capacity." The complaint then recites that such *406 representations were made "with the intention and knowledge that plaintiff should rely thereon and in order to induce the plaintiff to refrain from entering into commitments with other suppliers and to purchase the greater part of its requirements from the defendant", that the plaintiff acted in reliance on the representations and that they were false and known by the defendant to be so. In truth and in fact, the complaint further asserts, the defendant had previously entered into long-term contracts with other customers which committed all of the defendant's supplies and productive capacity for many years to come. By reason of the defendant's fraudulent misrepresentations and the plaintiff's reliance thereon, the complaint continues, the plaintiff refrained from securing commitments for future supplies from others and was thereby injured in its business.
In the second cause of action, the plaintiff alleges that the defendant represented that it was its intention to make available to the plaintiff 400,000 pounds of aluminum ingot a month for a period of five years; that such representation was false and known by the defendant to be false; that it was the defendant's intention to sell to the plaintiff only such aluminum as might from time to time become available in the event that other customers to whom the defendant had given binding commitments should choose to forego the supplies committed to them and that the plaintiff relied on that representation to its injury.
The defendant moved to dismiss the complaint, urging the insufficiency of both causes of action, under rule 106 of the Rules of Civil Practice, and the inadequacy of the second cause, under rule 107, on the ground that it "is predicated on an alleged oral promise unenforceable under the * * * Statute of Frauds". The court at Special Term denied the motion insofar as it was based on the statute of frauds, for the reason that "no agreement or contract is alleged", but granted the defendant's motion to strike both causes of action for insufficiency. On appeal, the Appellate Division unanimously reversed and denied the motion to dismiss.
To maintain an action based on fraudulent representations, whether it be for the rescission of a contract or, as here, in tort for damages, it is sufficient to show that the defendant knowingly *407 uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged. (See Brackett v. Griswold, 112 N.Y. 454, 467; Hadcock v. Osmer, 153 N.Y. 604, 608; Rice v. Manley, 66 N.Y. 82, 84; 3 Restatement, Torts, § 525, p. 59; 1 Harper & James on The Law of Torts [1956], § 7.1, pp. 527-528; Prosser on Torts [2d ed., 1955], § 86, p. 523.) The essential constituents of the action are fixed as representation of a material existing fact, falsity, scienter, deception and injury. (See Sabo v. Delman, 3 N Y 2d 155, 159-160; Deyo v. Hudson, 225 N.Y. 602, 612; Ochs v. Woods, 221 N.Y. 335, 338; Urtz v. New York Cent. & H. R. R. R. Co., 202 N.Y. 170, 173.) Accordingly, one "who fraudulently makes a misrepresentation of * * * intention * * * for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction" is liable for the harm caused by the other's justifiable reliance upon the misrepresentation. (3 Restatement, Torts, § 525, p. 59.)
As examination of the complaint demonstrates, it contains all the necessary elements of a good cause of action, including statements of existing fact, as opposed to expressions of future expectation. The representations allegedly made, that the defendant had "available and uncommitted supplies and productive capacity of aluminum ingot" sufficient to render it then capable of selling to the plaintiff 400,000 pounds a month and that it had entered into no binding commitments which could in the future reduce such available and uncommitted supplies and productive capacity and that it was its intention to make available and to sell to the plaintiff the number of pounds specified for a period of five years, related to the defendant's present intention. A person's intent, his state of mind, it has long been recognized, is capable of ascertainment and a statement of present intention is deemed a statement of a material existing fact, sufficient to support a fraud action. (See Sabo v. Delman, 3 N Y 2d 155, 160, supra; Deyo v. Hudson, 225 N.Y. 602, 612, supra; Ritzwoller v. Lurie, 225 N.Y. 464, 468; Adams v. Gillig, 199 N.Y. 314, 319-322; 3 Restatement, Torts, § 530, pp. 69-71; 1 Harper & James, op. cit., § 7.10, pp. 570-573; Prosser, op. cit., § 90, pp. 563-564.) Here, just as in Sabo v. Delman (3 N Y 2d, at p. 160) and in the Ritzwoller case (225 N. Y., at p. 468), "the allegations in the complaint describe a case where a defendant *408 has fraudulently and positively as with personal knowledge stated that something was to be done when he knew all the time it was not to be done and that his representations were false. It is not a case of prophecy and prediction of something which it is merely hoped or expected will occur in the future, but a specific affirmation of an arrangement under which something is to occur, when the party making the affirmation knows perfectly well that no such thing is to occur. Such statements and representations when false are actionable".
The defendant also argues that the action cannot be founded on any promise which falls within the statute of frauds. Although there is considerable doubt that the questions certified pose that defense for our consideration, we shall assume that the second question could be so construed.
The present action is in tort, not contract, depending not upon agreement between the parties, but rather upon deliberate misrepresentation of fact, relied on by the plaintiff to his detriment. In other words, the "legal relations" binding the parties are created by the utterance of a falsehood "with a fraudulent intent" and by reliance thereon (Deyo v. Hudson, 225 N.Y. 602, 612, supra) and the cause of action is entirely "independent of contractual relations between the parties." (1 Harper & James, op. cit., p. 527.) As we wrote in Sabo v. Delman (3 N Y 2d 155, 159, supra), "it is well to bear in mind that the complaint before us neither asserts a breach of contract nor attempts to enforce any promise made by defendants." If the proof of a promise or contract, void under the statute of frauds, is essential to maintain the action, there may be no recovery, but, on the other hand, one who fraudulently misrepresents himself as intending to perform an agreement is subject to liability in tort whether the agreement is enforcible or not. (3 Restatement, Torts, § 525, p. 59 et seq.; § 530, Comment b, p. 70.) The policy of the statute of frauds is "not directed at cases of dishonesty in making" a promise (Prosser, op. cit., p. 565); never intended as an instrument to immunize fraudulent conduct, the statute may not be so employed.
It is not inappropriate to say, as we did in the Sabo case (3 N Y 2d, at p. 162), that whether the plaintiff will be able to establish the allegations of its complaint is "necessarily reserved for trial. We decide only that the complaint before us states a cause of action".
*409 The order appealed from should be affirmed, with costs, and the questions certified answered in the affirmative.
BURKE, J. (dissenting).
The amended complaint should be dismissed because the misrepresentations alleged relate only to future expectations.
No doubt a remedy in tort would be available to the plaintiff if the fraudulent promissory representations dealt with matters completely under the control of the defendant and implemented existing contractual obligations (Sabo v. Delman, 3 N Y 2d 155; A. S. Rampell, Inc., v. Hyster Co., 3 N Y 2d 369). It does not follow that there would be also a remedy where the representations are nothing more than a recital of the defendant's predictions or statements of expectations (Adams v. Clark, 239 N.Y. 403, 410). The amendment of the original complaint by the incorporation of the words "then existing"; "then capable of selling"; "that it had entered into no binding commitments with other customers" and "the period of scarcity which followed" has not cured the defects inherent in the original complaint. When the amended complaint is read as a whole and compared with the original complaint, it is clearly evident that the alleged representations relate to an unknown, uncertain and indefinite future period, not to an existing fact. These allegations do not treat at a particular time with the state of mind of a person in possession of all information whose expressed intentions as to the future can readily be effectuated, but with unpredictable problems of the logistics of supply and demand of not only finished products but also raw materials in a huge industry beset by many varieties of weather, of labor relations, of customers' demands and of government needs. The alleged representations under such circumstances could neither be affirmation of events which, when made, defendant knew would not occur nor assertions of present facts susceptible of knowledge. Any reliance on the alleged representations, therefore, was unjustifiable as plaintiff knew perfectly well that the representations of necessity were speculative. Such representations will not support an action for fraud. We do not say that an allegation of a promise made with the present intention to break it would not be actionable. Cases such as Deyo v. Hudson (225 N.Y. 602) and Adams v. Clark (supra) are cited to uphold this doctrine. But here the defendant made no promise and the plaintiff parted with nothing.
*410 As we regard them, the alleged representations do not reflect a statement of present intention which could be judged a statement of an existing fact which may be the basis for a fraud action.
Therefore, the order appealed from should be reversed and the amended complaint should be dismissed.
Order affirmed, etc.