■ PORT JEFFERSON THEATRE CORP. et al., Respondents, v THEATRE THREE PRODUCTIONS, INC., et al., Appellants. — In consolidated actions, *inter alia,* to recover damages for the wrongful withholding of possession of certain premises in violation of rights under a lease, defendants appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered April 12, 1982, which, *inter alia,* adjudged that the plaintiffs are entitled to possession of the premises and awarded damages, after a jury trial. Judgment reversed, on the law, and new trial granted limited to the issue of whether the plaintiffs breached the agreement dated August 14, 1979, as alleged in the defendants' first and third affirmative defenses, with costs to abide the event. The facts as determined by the jury in its special verdict are affirmed. In May, 1979 the individual defendants purchased a movie theatre in Port Jefferson. It was hoped that the premises, known as the Art Cinema, would become the permanent home of defendant Theatre Three, a community theatre group which, beginning in the early 1970's, had been performing plays at various locations in Suffolk County. The individual defendants were involved in the management and financing of Theatre Three. The Art Cinema was purchased subject to an existing lease which ran in favor of the plaintiffs and which was due to expire on May 31, 1982. Central to the controversy at bar is a letter-agreement, dated August 14, 1979, by which the plaintiffs agreed to share the premises with Theatre Three on a seasonal basis, and by which the plaintiffs received three consecutive five-year options to extend their lease. The instant litigation was commenced when Theatre Three refused to surrender possession of the Art Cinema for the summer of 1981 in alleged violation of the terms of the letter-agreement. The action was tried before a jury which rendered a special verdict, answering several interrogatories submitted to it by the court. Based upon the verdict and upon findings made as matters of law, the court fashioned a judgment which, *inter alia,* declared that the letter-agreement dated August 14, 1979 was valid and enforceable, adjudged that plaintiffs were entitled to possession of the premises, and awarded plaintiffs damages in the principal amount of $10,000. The special verdict returned by the jury was amply supported by the evidence. Moreover, we reject the defendants' contentions that, under the circumstances at bar, the court should have found, as a matter of law, that (1) the letter-agreement was unconscionable, (2) the plaintiffs failed to exercise their option and (3) the plaintiffs' conduct violated a prior judgment of the United States District Court. Nor did the court err in

failing to submit to the jury the issue of fraud and misrepresentation, since the trial evidence did not demonstrate that plaintiffs knowingly uttered a falsehood with intent to deprive the defendants of a benefit or that the defendants were deceived and damaged by any knowingly uttered misrepresentation (see, e.g., *Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 406-407). Nevertheless, although the judgment was appropriate when measured against the jury's verdict and the court's findings, we conclude that the court erred in refusing to submit to the jury the defendants' affirmative defenses which alleged that the plaintiffs had themselves breached the letter-agreement. There was evidence at trial that, when the plaintiffs demanded possession of the premises in May, 1981, they were three months in default in payment of rent to the individual defendants. Additionally, there was proof that the theatre's heating and ventilating systems were nonfunctional and obsolete, and that plaintiffs had failed to repair or replace the systems notwithstanding their obligation under the lease to "repair or replace at [their] own cost and expense any equipment which shall become damaged, worn, obsolete or destroyed", and "to be responsible for indoor repairs". At trial defendants contended that the plaintiffs' failure to pay rent and to repair the heating and ventilating systems constituted material breaches of the lease. The court, however, apparently seeking to limit the issues to be considered, refused to submit the issue of the alleged breaches to the jury. The court's action was error and deprived the defendants of a fair trial. Accordingly, we remit the case for a new trial limited to the issue of the plaintiffs' alleged breaches of the lease. At the conclusion of the trial, the court shall enter an appropriate judgment, taking into account the findings of the jury on the issue of the alleged breaches and the facts as affirmed herein. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.