■ SUNA TUTAK, Appellant, v KOREN TUTAK et al., Respondents.—In an action, inter alia, for specific performance of an oral promise to provide funds for the support of the plaintiff and her child, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered September 23, 1985, as granted those branches of the defendants' cross motion which sought dismissal of the first, second and fourth causes of action asserted in her complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements. The stay of enforcement of the

order of eviction of the City Court of White Plains, dated March 11, 1985, which was granted by this court in an order dated November 29, 1985, is hereby vacated.

The plaintiff alleges that the defendant Simon Tutak arranged a marriage between herself and his son, the defendant Koren Tutak, promising the plaintiff that he would provide the financial support for his son, the plaintiff and their children, sufficient to maintain a life-style equal to that enjoyed by him until such time as his son was capable of maintaining that life-style by his own independent means. It is further alleged that the defendant Simon Tutak represented and promised that he would purchase an appropriate home for the couple and provide them with the means to maintain and furnish it.

After a year of marriage, the defendant Koren Tutak left the plaintiff and their child. Except for the sum of $1,000, the defendant Simon Tutak provided no further support to the plaintiff or the child, and sought to evict both her and the child from the marital residence which he had purchased in his own name for the use of the couple.

In her first cause of action, the plaintiff seeks specific enforcement of the terms of the defendant Simon Tutak's oral promise to provide support for herself and the child. The second cause of action seeks to impose a constructive trust upon the home purchased by her father-in-law in his name for the use of the couple. The third cause of action concerns the recovery of certain jewelry, which is not at issue on this appeal. The fourth and final cause of action seeks a declaratory judgment that the defendant Simon Tutak is obligated to provide suitable support for the plaintiff and the child.

The first and fourth causes of action were properly dismissed. General Obligations Law § 5-701 (a) (3) provides that every promise made in consideration of marriage, except mutual promises to marry, is void unless it or some note or memorandum thereof is in writing and subscribed by the party to be charged.

The second cause of action to impose a constructive trust was also properly dismissed since there was no writing concerning the real property involved (see, General Obligations Law § 5-703). At most, the facts at bar establish that there was a breach of an oral agreement to convey an interest in the property to the plaintiff, the enforcement of which is barred by the Statute of Frauds (see, Bontecou v Goldman, 103 AD2d 732).

In addition, the plaintiff has not stated a cause of action to recover damages for fraud. Such an action may not be based upon a statement of future intentions, promises or expectations which were speculative, or an expression of hope at the time when made, rather than a misrepresentation of fact. The mere fact that the expectations of the parties were frustrated is an insufficient ground upon which to predicate a claim of fraud (see, Roney v Janis, 77 AD2d 555, affd 53 NY2d 1025).

Finally, the plaintiff's reliance upon the doctrine of promissory estoppel is misplaced. This doctrine applies to a limited class of cases in which the person to whom the promise is made, in reliance upon the promise, has suffered unconscionable injury (see, D & N Boening, Inc. v Kirsch Beverages, 99 AD2d 522, affd 63 NY2d 449). The evidence presented by the plaintiff does not bring her case within the ambit of this doctrine. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur. [See, 127 Misc 2d 436.]