**122**

Frances POSNER and Sari
Posner, Plaintiffs,

v.

MINNESOTA MINING & MANUFAC-
TURING CO., INC. a/k/a 3M
Co., Defendant.

No. 87 CV 4067.

United States District Court,
E.D. New York.

Sept. 16, 1988.

Frances Posner and Sari Posner, East
Northport, N.Y., pro se.

Joseph H. Lessem, Cowan, Liebowitz &
Latmen, New York City, for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In this action based on diversity of citizenship, 28 U.S.C. § 1332(a), defendant moves to dismiss the complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and for failure to plead fraud with particularity, Fed.R.Civ.P. 9(b). Defendant also moves for sanctions under Fed.R.Civ.P. 11.

### FACTS

I. The Complaint

Taking all allegations in the Complaint as true, the facts are as follows. For purposes of diversity jurisdiction, plaintiffs, Frances and Sari Posner, are New York citizens and defendant, Minnesota Mining and Manufacturing Co. ("3M"), is a Minnesota citizen. The amount in controversy exceeds $10,000. The plaintiffs appear *pro se.*

Defendant entered into contracts with Plastronics, Inc. ("Plastronics"), a corporation owned by Richard Posner, the father of Sari Posner and then-husband of Frances Posner. Plastronics agreed to import

intercoms for distribution by 3M. The defendant, through its representative Donald Conlin, met and spoke on the telephone with plaintiffs on several unspecified occasions. The defendant attempted to get both plaintiffs to fund Plastronics, which was a new corporation.

On an unspecified date, Mr. Conlin told both plaintiffs that funding for Plastronics from 3M would occur if there was a demonstrated need for it. On various unspecified occasions, Mr. Conlin promised plaintiffs that he would see to it that 3M would always order sufficient merchandise to keep Plastronics operating successfully. He also assured plaintiffs that if funding ever became a problem, 3M would take reasonable measures to ensure the success of Plastronics. He also stated to plaintiffs that any financial assistance they rendered to Plastronics would not be at risk. All of Mr. Conlin's and 3M's statements were untrue.

As a result of those statements, each plaintiff lent Plastronics $10,000. Mr. Posner worked for Plastronics, foregoing other employment and income during 1982, 1983, and 1984.

Plastronics eventually became insolvent and ceased doing business. The loans from plaintiffs were not repaid. As a result of Plastronics' failure, Richard and plaintiff Frances Posner were divorced. In addition, at an unspecified time, Mr. Posner suffered two heart attacks, causing pain and suffering as well as emotional distress to both plaintiffs.

The Complaint alleges fraud by 3M. Count I demands $20,000 in damages, representing the loans made by plaintiffs. Count II demands $150,000, representing Richard Posner's lost income for the 1982–84 period. Count III demands $1 million in damages stemming from the Posners' divorce and Mr. Posner's heart attack. Finally, Count IV demands $1 million for the emotional distress stemming from defendant's conduct and its consequences.

## II. The Motion

In 1986, Mr. Posner sued 3M for fraud. The case was settled in February 1987 for $32,500. In December 1987, plaintiffs filed the instant Complaint.

Defendant moves to dismiss the Complaint on two grounds. First, it argues, the Complaint fails to set forth facts that satisfy the elements of common-law fraud; second, it fails to plead fraud with particularity. Defendant also moves for sanctions under Fed.R.Civ.P. 11, asserting that this action is frivolous and was brought solely to harass it.

## DISCUSSION

### I. Stating a Claim

■ Under New York law, which the parties apparently agree applies to this case, one element of a fraud claim is injury. *See Channel Master Corp. v. Aluminum Ltd. Sales, Inc.*, 4 N.Y.2d 403, 407, 151 N.E.2d 833, 835, 176 N.Y.S.2d 259, 262 (1958). The injury must be the "direct, immediate, and proximate result of the fraudulent misrepresentation." *Goldberg v. Mallinckrodt, Inc.*, 792 F.2d 305, 307 (2d Cir.1986); *see Bennett v. United States Trust Co. of New York*, 770 F.2d 308, 315 (2d Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986).

Defendant argues that plaintiffs' claims for emotional distress must be dismissed because they cannot, as a matter of law, be attributed to fraudulent conduct. I agree.

The claim for emotional distress arising from Mr. Posner's heart attacks is not cognizable because, inter alia, there existed no "zone of danger" to bystanders when the heart attacks occurred. *See Goldberg*, 792 F.2d at 310. In addition, this emotional distress claim, as well as that stemming from the fact that defendant committed a fraud, must be dismissed because this species of injury is not redressable under a business fraud theory of liability. *See Stich v. Oakdale Dental Center, P.C.*, 120 A.D.2d 794, 795, 501 N.Y.S.2d 529, 531 (3d Dep't 1986) (actual pecuniary loss is the sole compensable form of damages in a fraud action). Accordingly, Counts III and IV of the Complaint must be dismissed.

**124**

Defendant does not contest the legal sufficiency of the injuries alleged in Counts I and II. It contends, however, that the Complaint fails to establish other elements of a fraud claim. Defendant's first argument is that the statements attributed to it cannot be misrepresentations because they were mere promises or prophecies regarding future events.

■ Obviously, a statement of mere speculation or hope cannot constitute a representation of fact and, thus, is not actionable. *See Tutak v. Tutak*, 123 A.D.2d 758, 760, 507 N.Y.S.2d 232, 233 (2d Dep't 1986). Similarly, an action for fraud will not lie where the defendant has made a promise with the intention of keeping it. *See Channel Master Corp.*, 4 N.Y.2d at 408, 151 N.E.2d at 836, 176 N.Y.S.2d at 263. In this case, the Complaint alleges that defendant's agent promised plaintiffs on several occasions that defendant would ensure Plastronics' financial viability. It does not assert, however, that defendant intended not to keep those promises at the time of their making. In addition, none of the motion papers submitted by plaintiffs indicates that plaintiffs intend to make such an allegation. Thus, while I am satisfied that the Complaint alleges that defendant's agent made various representations of fact, I conclude that it does not allege scienter.

I also conclude that the Complaint fails to plead reasonable reliance by plaintiffs on statements made by 3M. *See Harris v. Camilleri*, 77 A.D.2d 861, 862–63, 431 N.Y.S.2d 65, 68 (2d Dep't 1980). Plaintiffs' motion papers, however, indicate that they would plead such reliance if they were granted leave to amend the Complaint. The failure of plaintiffs to plead facts sufficient to constitute a fraud claim will be further discussed below.

## II. Pleading with Particularity

Fed.R.Civ.P. 9(b) provides: "In all averments of fraud ..., the circumstances constituting fraud shall be stated with particularity." Consistent with their approach to many of the key terms that appear in other rules, the drafters of Rule 9(b) left to the courts the task of grappling with the definition and application of "particularity." After reviewing the Complaint, I conclude that it does not meet the particularity requirement in several respects.

■ The Complaint states the circumstances surrounding each alleged statement in a vague manner. Satisfaction of Rule 9(b) in this case requires a specific allegation of (1) the place and approximate date of each statement; (2) the identity of the individual who made the statement; (3) the persons to whom the statement was made; and (4) the substance of each statement.

■ In addition, the Complaint fails to plead scienter with particularity. At a minimum, Rule 9(b) requires plaintiffs to allege facts from which 3M's contemporaneous intention not to make good on its promises may be inferred. *See Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 49–50 (2d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

## CONCLUSION

Where a Complaint fails because it does not comply with Rule 9(b), the typical course is to permit the plaintiff to amend it. Here, however, plaintiffs have not only failed to comply with Rule 9(b); they have also failed to allege facts sufficient to pass muster under Rule 12(b)(6). After reviewing the record, the Court is unable to ascertain whether plaintiffs wish to proceed with a fraud action at all. Their motion papers, in fact, request leave to amend the Complaint in order to add a breach of contract claim.

Bearing all of the foregoing in mind, it is hereby ORDERED that:

(1) Counts III and IV of the Complaint are dismissed with prejudice.

(2) The balance of the Complaint is dismissed without prejudice and plaintiffs are granted leave to replead. If plaintiffs wish to pursue their fraud claims, their allegations must satisfy the legal standards as set forth in this opinion. The plaintiffs are also permitted to plead breach of contract, regardless of whether they plead fraud. Although the plaintiffs proceed *pro se*, the

Court will not countenance further vague and conclusory pleadings by plaintiffs.

(3) If plaintiffs wish to replead, they must file an amended complaint within twenty (20) days from the date that this Order is filed.

(4) The motion for sanctions under Fed. R.Civ.P. 11 is denied. The Court will entertain a renewed motion should plaintiffs' repleadings fail to satisfy the standards set forth in this opinion.

SO ORDERED.