**Jeffrey J. STEINER, Plaintiff,**

v.

**David F. HALE, Carl F. Bobkowski, James C. Blair, Paul K. Laikind, Steven C. Mendell, L. John Wilkerson, Daniel D. Burgess, Thomas P. Donahue, Gensia Pharmaceuticals, Inc., and Aramed, Inc., Defendants.**

**No. CV 93–1416 H (CM).**

United States District Court,
S.D. California.

July 13, 1994.

Eric B. Freedus, John M. Fedor, Frank and Freedus, San Diego, CA, for plaintiff.

Morgan R. Smock, Pillsbury, Madison & Sutro, San Francisco, CA, for defendants.

## ORDER GRANTING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS

HUFF, District Judge.

### INTRODUCTION

On July 11, 1994, the court heard the defendants' motion to dismiss. Cletus Lyman and John Fedor appeared on behalf of the plaintiff, and Walter Robinson and Kirke Hasson appeared on behalf of the defendants. Because the plaintiff has not sufficiently pleaded the alleged deception with particularity, the court grants without prejudice the defendants' motion to dismiss. The court has already permitted the plaintiff to amend the complaint to cure this deficiency once. The court, however, will give the plaintiff one final opportunity to amend the complaint and plead the fraud with particularity. The court will give the plaintiff forty-five days to file an amended complaint, until August 29, 1994.

### BACKGROUND

In his first amended complaint, the plaintiff asserts federal securities law claims and state law fraud claims against defendants Gensia, Aramed, and inside directors and officers of Gensia and Aramed. The plaintiff purchased approximately $746,750 of Aramed units from January 22, 1992, to February 11, 1992. The first amended complaint alleges the defendants made material misrepresentations and omissions regarding their develop-

ment of the drug Arasine, a drug intended to improve cardiac function following coronary artery bypass surgery.

The amended complaint alleges the defendants made deceptive positive statements and projections about the effectiveness of Arasine. The complaint alleges the defendants "either lacked information as to the success of the phase 3 trials or they had knowledge that the results of the international trials were not statistically significant" when making the positive projections. The plaintiff alleges the projections implied that the phase three trials were successful and also alleges the projections based on the phase two trials were unreasonable because the phase two trials were "too small."

On September 22, 1992, the defendants disclosed that a preliminary analysis of the data from the European portion of the phase three trials indicated that the results were not statistically significant. The market reacted and the price of the stock dropped significantly. The plaintiff suffered a loss of approximately $352,290. Consequently, the plaintiff brought this action against the defendants.

## DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

When ruling on a motion to dismiss, the court must accept all material allegations of fact as true and must construe those allegations in the light most favorable to the nonmovant. *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). If the complaint fails to state a claim, the court should grant leave to amend unless it appears beyond a doubt the plaintiff would not be entitled to relief under any set of facts proved. *Halet v. Wend Inv. Co.,* 672 F.2d 1305, 1309 (9th Cir.1982).

### B. APPLICATION OF STANDARD

#### (1) RULE 9(b) AND SECTION 10(b) CLAIM

The defendants first argue the plaintiff has not alleged the fraud with sufficient particu-

larity, in violation of Federal Rule of Civil Procedure 9(b).

Rule 9(b), as applied to section 10b claims, requires particularity in pleading the circumstances constituting the fraud. *Semegen v. Weidner,* 780 F.2d 727, 734–35 (9th Cir.1985). Mere conclusory statements of fraud are insufficient. *Wool v. Tandem Computers,* 818 F.2d 1433, 1439 (9th Cir. 1987). However, a pleading is sufficient if it identifies the circumstances constituting the fraud so that the defendant can prepare an adequate defense. *Semegen,* 780 F.2d at 735. Statements of the time, place, and nature of the alleged fraudulent activities are sufficient. *Wool,* 818 F.2d at 1439.

The Ninth Circuit has held projections and general expressions of optimism are actionable under the federal securities laws. *In re Apple Computer Securities Litigation,* 886 F.2d 1109, 1113 (9th Cir.1989). A projection or statement of belief contains at least three implicit factual assertions: (1) the statement is genuinely believed, (2) there is a reasonable basis for that belief, and (3) the speaker is not aware of any undisclosed facts tending to seriously undermine the accuracy of the statement. *Apple Computer,* 886 F.2d at 1113. A projection or statement of belief may be actionable if one of these implied factual assertions is inaccurate. *Apple Computer,* 886 F.2d at 1113; *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 501 (9th Cir.1992).

The plaintiff's first amended complaint does not provide any facts in support of his assertion that the defendants either lacked sufficient information to make the optimistic projections or had information indicating the projections were misleading. The plaintiff merely conclusively makes these assertions.

In relevant part, the plaintiff asserts the following projections were deceptive. First, on December 6, 1991, the *Financial Times Biotechnology* business news reported that defendant Hale stated:

Arasine is in Phase III multicentre trials for use in patients undergoing coronary artery bypass surgery and these trials are scheduled for completion in the first quarter of 1992.

Based on an analysis of the results from a *Phase II clinical trial,* the company is confident that Arasine may reduce the incidence of adverse cardiovascular events which can occur during this procedure.

. . . .

On December 16, 1991, the *San Diego Business Journal* reported Hale stated:

"... clinical trials on its two flagship cardiovascular drugs are going well, with one drug, Arasine, expected to be submitted for final government approval next year."

On January 8, 1992, Hale attended a conference and stated Arasine was in phase three clinical trials and that he expected FDA approval in 1994. During this conference, Hale also stated he believed Arasine qualified for fast track approval because it is used in life-threatening situations and there are no other drugs approved in the category. On January 20, 1992, *Biotechnology Newswatch* reported:

Gensia has completed *Phase II* trials on its lead product Arasine, an adenosine regulating agent for coronary artery bypass graft surgery ... Hale said that they expect to complete Phase III, for which they have enrolled 625 patients, in March and will file its NDA in September. He anticipates approval in Europe in 1993 and in the United States in 1994.

In the court's prior order dismissing the complaint for failure to comply with Rule 9(b), the court found the plaintiff's allegations that the projections were deceptive to be conclusory. The court found the plaintiff did not explain why they were deceptive or without reasonable basis. In the amended complaint, the court stated the plaintiff shall "specifically allege why the defendants' optimistic projections were without reasonable basis or what adverse information the defendants allegedly possessed that rendered the projections deceptive."

In an attempt to cure the deficiency, the plaintiff alleges the projections were deceptive because, during December 1991 and January 1992:

(a) Gensia was a young company involved in research development, with no track record of successfully developing a product or operating profitably.

(b) Gensia's securities were extremely sensitive to management statements implying results of drug trials and projecting future success.

(c) Gensia insiders *may* have received information as the Phase 3 trials progressed, not available to those participating in the trials.

(d) Gensia officials were perceived by the investing public as having data about the success of the trials, and Gensia officials were aware that their statements about the trials were understood as based upon outcome data.

These assertions again fail to satisfy the pleading standard. Subsections a, b, and d would be true for any relatively new company and does not support an assertion the corporation and its officers and directors are engaged in fraud. Further, "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Verifone Securities Litigation,* 11 F.3d 865, 868 (9th Cir.1993). The plaintiff merely asserts the Gensia insiders *may* have adverse information about the phase three trial. The plaintiff, however, provides no support for this speculation. The plaintiff does not state who may have received adverse information, how they may have received the adverse information, when the information was received, or specify the adverse information possibly obtained. The plaintiff concedes the phase three trials were conducted as double-blinded trials, but merely speculates the defendants may have received adverse information.

In essence, the plaintiff is asserting the earlier projections must have been false or unsupported because adverse information later became available. The Ninth Circuit has expressly rejected this theory. In *Verifone,* the Ninth Circuit concluded, "The fact that the prediction proves to be wrong in hindsight does not render the statement untrue when made." *Id.* at 871. The Ninth Circuit has required specificity in pleading fraud to "prevent the filing of a complaint as a pretext for the discovery of unknown wrongs." *Semegen v. Weidner,* 780 F.2d 727, 721 (9th Cir.1985).

Similarly, the plaintiff asserts the optimistic projections based on the phase two trials were deceptive because the phase two trials were "too small" and "too preliminary to reach a confident conclusion." First, the plaintiff provides no factual support for the mere conclusion that the phase two trial was too small. Second, the plaintiff does not identify any confident or unqualified statements that the drug would in fact be successful. The statements identified are merely projections based on available information.

The court, therefore, finds the plaintiff has failed to specifically identify the fraud. The plaintiff merely makes speculative and conclusive statements in an attempt to gain discovery and perhaps discover fraud. The Ninth Circuit has prohibited this type of pleading and, accordingly, the court dismisses the federal securities law claims. The court, however, will permit the plaintiff one final opportunity to amend the complaint. If the plaintiff fails to plead facts in support of his theory that the defendants either lacked sufficient information or possessed adverse information, the court will not permit further leave to amend. Further, as stated during oral argument, the court is not finding that pleading in the alternative is impermissible. The court is merely finding that the plaintiff has failed to present any facts in support of his alternative theories. Accordingly, the court grants without prejudice the defendants' motion to dismiss the section 10(b) claims.

Further, to the extent the plaintiff alleged any defendant was liable under a theory of secondary liability of aiding and abetting, the court would dismiss those claims. The Supreme Court recently concluded a private plaintiff may not maintain an aiding and abetting suit under section 10(b). *Central Bank v. First Interstate Bank,* —— U.S. ——, ——, 114 S.Ct. 1439, 1455, 128 L.Ed.2d 119 (1994).

■ Finally, the court also rejects the plaintiff's request to extend the group publishing doctrine to the publication of newspaper, journal, and magazine articles. The Ninth Circuit has held that when the plaintiff alleges misleading information was contained within press releases, registration statements, annual reports, prospectuses, or other "group-published information," it is reasonable to presume that the misleading information was the result of the officers' collective efforts. *Wool v. Tandem Computers,* 818 F.2d 1433, 14440 (9th Cir.1987). In that situation, it is reasonable to assume that individuals who have control over the corporation or direct involvement with the corporation participated in preparing the deceptive statements. The Ninth Circuit has extended this reasoning and the presumption to directors in *Blake v. Dierdorff,* 856 F.2d 1365, 1369 (9th Cir.1988), but has not explicitly extended the doctrine to outside directors.

The court finds the doctrine does not apply to newspaper or journal articles prepared by individuals not associated with the corporation. The defendants have no control over the reporters or what is ultimately contained within the article. Thus, the reasoning behind the doctrine, as interpreted by the Ninth Circuit, is not applicable to this situation. Accordingly, the court declines to extend the doctrine to cover articles contained within newspapers or journals.

## (2) STATE LAW CLAIMS

■ The defendants also move the court to dismiss the fraud claims asserted under California and New York law. As stated in the court's prior order, both jurisdictions require the plaintiff to plead the fraud with particularity. *Mirkin v. Wasserman,* 5 Cal.4th 1082, 1103–04, 23 Cal.Rptr.2d 101, 858 P.2d 568 (1993); *Channel Master v. Aluminum Ltd.,* 4 N.Y.2d 403, 406–07, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958). The plaintiff relies on the same assertions discussed above for the state law claims. Because the court has found the plaintiff has not specifically pleaded the fraud and provides only conclusive and speculative statements, the court also dismisses the state law claims. Again, the court will give the plaintiff one final opportunity to amend the complaint to plead the state law fraud claims with particularity. The plaintiff shall file an amended complaint by August 29, 1994. Again, if the plaintiff fails to plead the fraud with particularity in the second amended

 

complaint, the court will not permit a further amendment.

IT IS SO ORDERED.