**H.K. PORTER COMPANY, INC., Plaintiff,**

v.

**AMERICAN TOBACCO COMPANY, et al., Defendants.**

**No. 97 CV 7658.**

United States District Court, E.D. New York.

Sept. 7, 1999.

James L. Stengel, Orrick, Herrington & Sutcliffe LLP, New York City, for H.K. Porter Co., Inc.

Joseph M. McLaughlin, Mark G. Cunha, Simpson, Thacher & Bartlett, New York City, for B.A.T. Industries, PLC.

Alan E. Kraus, Riker, Danzig, Scherer, Hyland, & Perretti, Morristown, NJ, Robert D. Burton, Thomas Schroeder, Womble, Carlyle, Sandridge & Rice, P.L.L.C., Winston–Salem, NC, Alan Mansfield, Greenberg Traurig, New York City, for R.J. Reynolds Tobacco Co.

Gary Long, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, Alan Mansfield, Greenberg Traurig, New York City, Anthony L. Paccione, Winston & Strawn, New York City, for Philip Morris Inc.

Kenneth N. Bass, Kirkland & Ellis, Washington, DC, Marjorie Press Lindblom, Kirkland & Ellis, New York City, for American Tobacco Co., Brown & Williamson Tobacco Corp.

Aaron H. Marks, Kasowitz, Benson, Torres & Friedman, LLP, New York City, for Liggett Group, Inc.

Gary Long, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, Alan Mansfield, Greenberg Traurig, New York City, for Lorillard Tobacco Co.

Alan Mansfield, Greenberg Traurig, New York City, for Tobacco Research Council–USA, Inc., Tobacco Institute, Inc.

## MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

Plaintiff, an asbestos distributor, was sued in extensive litigations for injuries its product allegedly caused; it has paid substantial sums in settlements and after trials. It now claims that some or all of the damages it paid for in these lawsuits were caused by the defendant tobacco entities. It brings this suit on the theory, among others, that it would have impleaded the defendants in those cases had the defendants not fraudulently concealed their own liability for damages.

Defendants moved to dismiss on the pleadings. The motion was denied by order dated August 11, 1999. This memorandum provides a brief explanation for that order.

The defendants rely on the court of appeals decision in *Laborers Local 17 Health & Benefit Fund v. Philip Morris,* ("*Laborers Local 17*"), 191 F.3d 229 (2d Cir.1999), *superseding* 172 F.3d 223 (2d Cir.1999), as having in effect decided that the instant litigation cannot go forward. This contention was rejected in related cases for the

reason that the court of appeals in *Laborers Local 17* did not decide the issues raised in those cases, except arguably by dictum. *See National Asbestos Workers Medical Fund v. Philip Morris, Inc.,* —— F.Supp.2d ——, 1999 WL 706113 (E.D.N.Y.1999).

*A fortiori,* defendants' reliance on *Laborers Local 17* is inappropriate here since the main issues implicated in the present action were not even addressed in dictum in *Laborers Local 17.* The contention of the instant plaintiff is based on fraud in actual litigations resulting in excessive judgments against plaintiff that allegedly would have been avoided or reduced had defendants been parties to the original litigations. Essentially, plaintiff has stated a direct claim for common law fraud in inducing it not to sue or implead defendants and in covering up their complicity.

■ The plaintiff's complaint pleads the following elements in sufficient detail: (1) explicit and implied misrepresentation of material facts—lack of danger of cigarette smoking to those working with asbestos and the absence of addictive characteristics of defendants' products; (2) knowledge by defendants of the falsity of the misrepresentations; (3) intent by defendants that the plaintiff act in reliance on the misrepresentations by not suing or impleading defendants when smokers with lung diseases sued plaintiff; (4) justifiable reliance by plaintiff on the misrepresentations; and (5) resulting injury in recoveries against plaintiff that would have been avoided or reduced had plaintiff known the truth.

That it may seem unlikely that plaintiff will be able to prove elements (2),(3) and (4) is not a ground to grant defendants' motion directed to the pleadings.

This is a garden variety fraud theory. *See, e.g., Channel Master Corp. v. Aluminium Limited Sales, Inc.,* 4 N.Y.2d 403, 406–07, 176 N.Y.S.2d 259, 262 (1958) ("[I]t is sufficient to show that the defendant knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged."). Inducing the plaintiff to refrain from acting is actionable. *Id.* ("One who fraudulently makes a misrepresentation . . . for the purpose of inducing another to act or refrain from action in reliance thereon . . . is liable for the harm caused by the other's justifiable reliance upon the misrepresentation." (citations and quotation marks omitted)). The ingenuity of humanity in devising frauds, and the need to deter them, has led to the creation of a common law and statutory net sufficiently wide to ensnare the alleged frauds. *Cf., e.g., Moore v. PaineWebber, Inc.,* 189 F.3d 165, 170–72 (2d Cir.1999) ("tricking" plaintiffs into buying life insurance with funds that they would otherwise have used for IRAs is actionable fraud under RICO).

■ With respect to non-RICO claims, federal preemption by the Cigarette Labeling and Advertising Act does not apply to the deliberate acts to deceive alleged by plaintiff. *See, e.g., Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 529, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) (plurality) ("[I]n the 1969 Act, Congress offered no sign that it wished to insulate cigarette manufacturers from longstanding rules governing fraud. . . . Thus, we conclude that the phrase 'based on smoking and health' fairly but narrowly construed does not encompass the more general duty not to make fraudulent statements."); *see also Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,* 7 F.Supp.2d 277, 287 (S.D.N.Y.1998) (*"Cipollone* expressly held that claims of fraud by intentional misstatement are not preempted"), *rev'd on other grounds,* 191 F.3d 229 (2d Cir. 1999).

The motion to dismiss is denied.

SO ORDERED